IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| Phoenix Licensing, L.L.C., an Arizona limited liability company, and LPL Licensing, L.L.C., a Delaware limited liability company;<br><br>Plaintiffs,<br><br>vs.<br><br>Allstate Corporation, a Delaware corporation; Allstate Insurance Company, an Illinois corporation; Allstate Life Insurance Company, an Illinois corporation; Allstate Fire and Casualty Insurance Company, an Illinois corporation; Allstate Property and Casualty Insurance Company, an Illinois corporation; Allstate Indemnity Company, an Illinois corporation; Prudential Financial, Inc., a New Jersey corporation; Prudential Insurance Company of America, a New Jersey corporation; Pruco Life Insurance Company, an Arizona corporation; Pruco Life Insurance Company of New Jersey, a New Jersey corporation; Barclays PLC, a United Kingdom public limited company; Barclays Bank PLC, a United Kingdom public limited company; Barclays Bank Delaware, f/k/a Juniper Financial Management, Inc., a Delaware corporation; New York Life Insurance Company, a New York corporation; New York Life Insurance and Annuity Corporation, a Delaware corporation; NYLIFE Insurance Company of Arizona, an Arizona corporation; PNC Financial Services Group, Inc., a Pennsylvania corporation; PNC Bank, National Association, a national banking association; PNC Bank, Delaware, a national banking subsidiary; National City Bank, a national banking subsidiary; Hartford Financial Services Group, Inc., a Delaware corporation; Hartford Life, Inc., a Delaware corporation; Hartford Fire Insurance Company, a Connecticut corporation; Hartford Fire General Agency, Inc., a Texas corporation; Twin City Fire Insurance Company, an Indiana corporation; Hartford Life Insurance | CASE NO. 2:09-cv-255 **TJW**<br><br>**Jury Trial Demanded<br>By Plaintiffs** |

Company, a Connecticut corporation; Hartford Life and Accident Insurance Company, a Connecticut corporation; Hartford Life and Annuity Insurance Company, a Connecticut corporation; Royal Bank of Scotland Group, PLC, a United Kingdom public limited company; Citizens Financial Group, Inc., a Delaware corporation; RBS Citizens, N.A., a national association; Citizens Bank of Pennsylvania, a Pennsylvania corporation; KeyCorp, an Ohio corporation; KeyBank National Association, a national association; KeyCorp Insurance Agency USA, Inc., a Washington corporation; Key Investment Services LLC, an Ohio limited liability company; Bank of America Corporation, a Delaware corporation; Bank of America, N.A., a national banking association; and
FIA Card Services, N.A., a national banking association.

                Defendants.

**MOTION BY PRUDENTIAL FINANCIAL, INC.,
THE PRUDENTIAL INSURANCE COMPANY OF AMERICA,
PRUCO LIFE INSURANCE COMPANY AND PRUCO LIFE INSURANCE
COMPANY OF NEW JERSEY TO DISMISS PLAINTIFFS' COMPLAINT FOR
<u>FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED</u>**

**INTRODUCTION**

Defendants Prudential Financial, Inc., The Prudential Insurance Company of America, Pruco Life Insurance Company and Pruco Life Insurance Company of New Jersey (collectively "Prudential") respectfully request that the Court dismiss the complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) for failure to state a claim upon which relief can be granted.

Plaintiffs accuse 39 defendants of infringing two patents, U.S. Patent Nos. 5,987,434 ("the '434 Patent) and 6,999,938 ("the '938 Patent"), which contain more than 350 claims between them. Despite the number of defendants and claims involved, plaintiffs' only allegation regarding infringement by all 39 different defendants is one sentence, which plaintiffs purport to apply to all of these diverse companies:

> Defendants have infringed, contributed to the infringement, and induced others to infringe the '434 patent and, unless enjoined, will continue to do so, by manufacturing, importing, using, selling, or offering for sale products and services that infringe the claims of the '434 patent and by contributing to or inducing others to infringe the claims of the '434 patent without a license or permission from Plaintiffs.

(Complaint, ¶47).[1] This allegation, which amounts to no more than "all 39 defendants are infringing my patents by infringing my patents," falls far short of the pleading standard required by Rule 8(a)(2) and is insufficient to give Prudential fair notice. When such deficiencies are present, they should be exposed at the point of minimum expenditure of time and money by the parties and the court. *See Bell Atlantic Corp. v. Twombly* ("*Twombly*"), 550 U.S. 544, 558 (2007). Plaintiffs' complaint should therefore be dismissed pursuant to Rule 12(b)(6), with prejudice and without leave to amend.

---

[1] The above-quoted passage is applicable to the '434 Patent. The complaint includes a parallel passage for the '938 Patent that is identical but for the patent number.

**ARGUMENT**

I. **Plaintiffs' Complaint Should Be Dismissed For Failure To State A Claim Upon Which Relief Can Be Granted**

While Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," a complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *See Twombly,* 550 U.S. at 555 (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Earlier this year, the Supreme Court described a two-pronged approach for evaluating the sufficiency of a complaint based on its earlier *Twombly* decision. *Ashcroft v. Iqbal* ("*Iqbal*"), 556 U.S. __, 129 S.Ct. 1937, 1949-50 (2009). The first prong is to determine whether there are well-pleaded factual allegations. *Id.* The second prong is to determine whether the factual allegations plausibly give rise to an entitlement to relief. *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 1949; *see also Fernandez-Montes v. Allied Pilots Assn.*, 987 F.2d 278, 284 (5th Cir. 1993) ("conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss") (affirming Rule 12(b)(6) dismissal); *Associated Builders, Inc. v. Alabama Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974) (not accepting conclusory allegation that a prospectus was misleading, purportedly giving rise to a federal securities claim).

While "detailed" factual allegations are not required in order to survive a Rule 12(b)(6) motion, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). In keeping with the foregoing principle "a court considering a motion to dismiss can

choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal,* 129 S.Ct. at 1950.[2]

### A. Plaintiffs' Claims Do Not Contain Well-Pleaded Factual Allegations

As there are no facts pleaded here, in no way does the complaint give Prudential fair notice of the claims against it. Other than identifying the parties and the patents, the complaint provides only the circular assertion that Prudential infringes the patents by selling "products and services" that infringe. This is simply not enough.

Conclusory statements such as these are not accepted as a "factual" allegations sufficient to provide fair notice to Prudential. *See, e.g., Ondeo Nalco Co. v. EKA Chemicals, Inc.*, 01-537-SLR, 2002 U.S. Dist. LEXIS 26195, at *3-5 (D. Del. Aug. 10, 2002) (finding that patentees' counterclaims were "too vague to provide [accused infringer] with fair notice of which products are accused of infringing [the] patents.");[3] *compare McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1355-59 (Fed. Cir. 2007) (finding a *pro se* plaintiff avoided Rule 12(b)(6) dismissal where the plaintiff identified the infringing product as the Motorola i930 cellular telephone).

The failure to provide fair notice becomes increasingly clear when the allegations are taken in the context of Prudential – a company with more than 40,000 employees providing diverse services and products such as life insurance, mutual funds, annuities, pension and retirement-related services and administration, asset management, banking and trust services, real estate brokerage franchises and relocation services. Which of those businesses and which of

---

[2] "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal,* 129 S.Ct. at 1950.

[3] Plaintiffs' claims also allege that defendants induce infringement, but as in *Ondeo Nalco*, plaintiffs fail to specify purported direct infringers. *See Ondeo Nalco Co.,* 2002 U.S. Dist. LEXIS 26195, at *5.

those products is purportedly infringing is not specified. Therefore, if this lawsuit is permitted to move forward, the discovery would be undoubtedly extensive, a heavy and expensive burden on Prudential. *See Twombly,* 550 U.S. at 558 ("it is one thing to be cautious before dismissing an antitrust complaint in advance of discovery . . . but quite another to forget that proceeding to antitrust discovery can be expensive"). *Associated Gen. Contractors of Cal., Inc. v. Carpenters*, 459 U.S. 519, 528, n.17 (1983) ("a district court must retain the power to insist upon some specificity in pleading before allowing a potentially massive factual controversy proceed").

In fact, it was plaintiffs' duty under Rule 11 to "conduct a reasonable inquiry into the facts and the law before filing [a pleading]." *Bus. Guides, Inc. v. Chromatic Communications Enters., Inc.*, 498 U.S. 533, 551 (1991). This duty is particularly important in a patent suit, which for discovery and procedural reasons "can be an expensive proposition." *See View Eng'g, Inc. v. Robotic Vision Systems, Inc.*, 208 F.3d 981, 986 (Fed. Cir. 2000). Accordingly, the Federal Circuit has held that, as part of a pre-filing inquiry, a patent owner must, at a bare minimum, apply the claim being asserted to an accused product or device. *Id*. Plaintiffs' apparent failure to discharge that duty necessitates a dismissal with prejudice of the complaint.

    **B.**    **Because Plaintiffs' Claims Do Not Contain Well-Pleaded Factual Allegations, It Is Not Possible To Evaluate Plausibility**

Because plaintiffs' claims fail under the "first" prong of *Iqbal*, the second prong, *i.e.*, whether the complaint is plausible, need not be addressed. *See, e.g., Elan Microelectronics Corp. v. Apple, Inc.*, No. C 09-01531 RS, 2009 U.S. Dist. Lexis 83715, at n.2 (N.D. Cal. Sept. 14, 2009) (stating that "[b]ecause the claims fail under *Iqbal's* "first" principle, the Court need not further address [plausibility]"). In any event, it would be close to impossible to make that determination because it is "a context-specific task that requires the reviewing court to draw on

its judicial experience and common sense." *Iqbal,* 129 S.Ct. at 1950. In the present case, there are no meaningful allegations of fact for this Court to review and analyze plausibility, and plaintiffs' complaint should be dismissed with prejudice for this reason as well.[4]

## **CONCLUSION**

Because plaintiffs have failed adequately to plead any claim for relief, Prudential respectfully requests that the Court dismiss plaintiffs' complaint against Prudential, with prejudice and without leave to amend.

---

[4] Plaintiffs may argue that discovery should serve the function of elaborating on its claim. But "[i]t is no answer to say that a claim just shy of plausible entitlement to relief can, if groundless, be weeded out early in the discovery process through 'careful case management,' . . . given the common lament that the success of judicial supervision in checking discovery abuse has been on the modest side." *Twombly,* 550 U.S. at 559. Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal,* 129 S.Ct. at 1950.

DATE: October 16, 2009              Respectfully submitted,

                                          BY: /s/ Patrick Kelley
                                                Otis Carroll
                                                State Bar No. 03895700
                                                Patrick Kelley
                                                State Bar No. 11202500
                                                Ireland, Carroll & Kelley, PC
                                                6101 S. Broadway, Suite 500
                                                Tyler, Texas 75703
                                                Tel: (903)561-1600
                                                Fax: (903)581-1071
                                                Email: Fedserv@icklaw.com

                                                *Attorney for Defendants Prudential*
                                                *Financial, Inc., The Prudential Insurance*
                                                *Company of America, Pruco Life Insurance*
                                                *Company and Pruco Life Insurance*
                                                *Company of New Jersey*


                                        OF COUNSEL:

                                                Michael P. Sandonato
                                                msandonato@fchs.com
                                                Christopher P. Borello
                                                cborello@fchs.com
                                                FITZPATRICK CELLA HARPER & SCINTO
                                                1290 Avenue of the Americas
                                                New York, N.Y. 10104-3800
                                                Telephone: (212) 218-2100
                                                Facsimile: (212) 218-2200

                                                *Attorneys for Defendants Prudential*
                                                *Financial, Inc., The Prudential Insurance*
                                                *Company of America, Pruco Life Insurance*
                                                *Company and Pruco Life Insurance*
                                                *Company of New Jersey*

## **CERTIFICATE OF SERVICE**

The undersigned certifies that a true and correct copy of the foregoing MOTION BY PRUDENTIAL FINANCIAL, INC., THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, PRUCO LIFE INSURANCE COMPANY AND PRUCO LIFE INSURANCE COMPANY OF NEW JERSEY TO DISMISS PLAINTIFFS' COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED was served on all counsel of record via electronic delivery this 16th day of October, 2009.

/s/ Patrick Kelley