**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| **PHOENIX LICENSING, L.L.C. and LPL LICENSING, L.L.C.;**<br><br>   Plaintiffs,<br><br>   v.<br><br>**ALLSTATE CORPORATION, *et al.*;**<br><br>   Defendants. | **Civil Action 2:09-cv-00255-TJW**<br><br>**Jury Trial Demanded** |

### BARCLAYS' 12(b)(6) MOTION TO DISMISS

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendants Barclays Bank PLC; and Barclays Bank Delaware (collectively, "Barclays") respectfully move the Court for an order dismissing all claims asserted in the Complaint for Patent Infringement ("the Complaint") filed by Phoenix Licensing, L.L.C. and LPL Licensing, L.L.C. (collectively, "Plaintiffs"). Dismissal is appropriate because Plaintiffs' Complaint fails to meet the threshold pleading standards as set forth by Rule 8 and the Supreme Court, which require at least notice of the claims Barclays must defend against. Plaintiffs' formulaic recitation of the elements of patent infringement set forth in the Complaint fail to meet this standard. Thus, Plaintiffs' claims should be dismissed.

I.   **INTRODUCTION**

Plaintiffs allege that thirty-nine defendants infringe one or both of U.S. Patent Nos. 5,987,434 ("the '434 Patent") and 6,999,938 ("the '938 Patent") (collectively "the Asserted Patents"), but give the defendants no notice of what they must defend. In the first Paragraph of the Complaint, the Plaintiffs assert that the defendants infringe, contributorily infringe, or induce infringement of "Plaintiff Phoenix's patented technology in products and services that they

make, use, import, sell, and offer to sell, without Plaintiffs' permission." Complaint ¶ 1. With respect to Barclays specifically, the Complaint merely alleges that:

> [Barclays] have infringed, contributed to the infringement, and induced others to infringe the '434 patent and, unless enjoined, will continue to do so, by manufacturing, importing, using, selling, or offering for sale products and services that infringe the claims of the '434 patent and by contributing to or inducing others to infringe the claims of the '434 patent without a license or permission from Plaintiffs.

Complaint ¶ 47. Plaintiffs' claim for infringement under the '938 Patent is identical, changing only the patent number. Plaintiffs' allegations against the other defendants are identical to those made against Barclays.

Plaintiffs are required to set forth factual allegations sufficient to show the *plausibility* that Barclays may infringe the Asserted Patents. The vague and conclusory allegations fail to provide the requisite notice, and these shortcomings render the Complaint unable to survive dismissal.

## II. THE FAILURE OF PLAINTIFFS' COMPLAINT TO COMPLY WITH THE REQUISITE PLEADING STANDARDS WARRANTS ITS DISMISSAL

### A. The Applicable Legal Principles

A complaint must make a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8. *Doe v. Myspace, Inc*., 528 F.3d 413, 418 (5th Cir. 2008) (quoting *Hughes v. The Tobacco Inst., Inc.*, 278 F.3d 417, 420 (5th Cir. 2001)). A complaint offering only "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "'naked assertions' devoid of 'further factual enhancement'" does not meet the demands of Rule 8. *See Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009) (internal citations omitted). Although a complaint's factual allegations are to be taken as true, conclusory allegations are not entitled to any presumption of truth. *Id.* at 1951.

A viable complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* at 1949; *Myspace*, 528 F.3d at 418 (both quoting *Twombly*, 550 U.S. at 570) (emphasis added). "A claim is facially plausible when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 129 S. Ct. at 1949. Plausibility requires more than "a sheer possibility that a defendant has acted unlawfully," and a complaint that does not state a plausible claim for relief cannot survive a motion to dismiss. *Id.* at 1949-50.

B. **Plaintiffs' Vague and Conclusory Allegations Fail to Provide Adequate Notice to Barclays of the Claims Against Which They Must Defend**

Plaintiffs have the burden to place Barclays on notice as to what they must defend against. *Twombly*, 550 U.S. at 574; *see Simpson v. James*, 903 F.2d 372, 375 (5th Cir. 1990) (discussing plaintiff's burden to plead facts that put the defense on notice of the theories on which the complaint is based).

Even before the Supreme Court's decision in *Iqbal*, the Federal Circuit echoed the requirements of *Twombly* in *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354 (Fed. Cir. 2007). The plaintiff in *McZeal* was a *pro se* plaintiff who was held to a "less demanding standard." *Id.* at 1356. Nonetheless, the Court in *McZeal* indicated that, at minimum, plaintiff include a statement that the defendant has been infringing the patent *"by making, selling, and using [some identified device] embodying the patent, . . . ."* *McZeal*, 501 F.3d at 1357 (emphasis added). There, even the pro se litigant specifically identified an actual product that was accused of infringing the claims, and further identified the features of that product that allegedly infringed. *Id.* at 1357. Here, Plaintiffs' Complaint failed to identify any infringing products or services embodying the patent. *See* Complaint ¶¶ 47, 53.

The courts of this District agree with the holding in *McZeal*. *PA Advisors, LLC v. Google, Inc.*, No. 2:07-cv-480, WL 4136426, at *6 (E.D. Tex. Aug. 7, 2008) (stating that the complaint must at least "describe[] the means by which the defendants allegedly infringe" to satisfy the notice requirement of Rule 8). Accordingly, Plaintiffs' failure to describe Barclays infringing products or services is fatal. Indeed, complaints that fail to identify a specific product or service accused of infringement have been dismissed under Rule 8. *Fifth Market, Inc. v. CME Group, Inc.*, Civ. Act. No. 1:08-cv-00520-GMS (D. Del. May 14, 2009) (granting motion to dismiss where plaintiff did not allege an infringing product, even where some product is mentioned in the factual background of the complaint); *Anticancer, Inc. v. Xenogen Corp.*, 248 F.R.D. 278 (S.D. Cal. 2007) (granting a motion to dismiss where the plaintiff did not identify any accused products in patent infringement suit); *Ondeo Nalco Co. v. EKA Chemicals, Inc.*, No. 01-537, 2002 WL 1458853, at *1 (D. Del. June 10, 2002) (dismissing patent counterclaim under Rule 8(a) because it "insufficiently identif[ied] which products [we]re accused of infringement"); *Gen-Probe, Inc. v. Amoco Corp., Inc.*, 926 F. Supp. 948, 962 (S.D. Cal. 1996) (dismissing infringement claims where the complaint pointed "vaguely to 'products and/or kits'" of the defendants, but was otherwise "devoid of any reference to infringing products"). Rule 8 requires more than just mere boilerplate language alleging infringement. Rule 8 requires identification of an accused product, which Plaintiffs failed to do.[1]

Furthermore, there is no legitimate justification for Plaintiffs' failure to identify Barclays infringing products or services. Plaintiffs were obligated under Rule 11 of the Federal Rules of

---

[1] Plaintiffs' Complaint is distinguishable from the exemplary allegations of patent infringement set forth in Form 18 of the Federal Rules of Civil Procedure. Form 18 provides the defendant with a reference point—a hypothetical "motor"—to compare the infringed product against the accused product. *See* Illustrative Civil Rules Forms, Civil Form 18 ¶ 3 ("The defendant has infringed and is still infringing the Letters Patent by making, selling, and using electric motors that embody the patented invention, and the defendant will continue to do so unless enjoined by this court."). In contrast, Barclays cannot compare an unidentified product or service with Plaintiffs' product or service that purports to implement the methods or systems claimed in the Asserted Patents.

Civil Procedure to conduct a pre-suit investigation. At a minimum, Plaintiffs were required to interpret the claims of the Asserted Patents and compare Barclays' products and services with those claims. *See Q-Pharma, Inc. v. Andrew Jergens Co.*, 360 F.3d 1295, 1300-01 (Fed. Cir. 2004) (explaining pre-suit investigation requirements under Rule 11).

In addition to the foregoing deficiencies, Plaintiffs' Complaint does not support a claim for contributory infringement. In *Hewlett-Packard Co. v. Intergraph Corp.*, a court dismissed a claim of contributory infringement because the complaint failed to allege that the defendant offered to sell a "component of a patented machine . . . or a material or apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of such patent . . . ." No. 03-2517, 2003 WL 23884794, at *1 (N.D. Cal. Sept. 6, 2003) (quoting 35 U.S.C. § 271(c)). Likewise, Plaintiffs' Complaint does not identify—much less allege—that Barclays offered to sell or sold a "component of a patented machine . . . or a material or apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of such patent . . . ." 35 U.S.C. § 271(c). Accordingly, Plaintiffs' claim for contributory infringement is deficient under Rule 8. *Hewlett-Packard*, 2003 WL 23884794, at *1-2.

The same can be said about Plaintiffs' allegation that Barclays induce infringement. The Complaint fails to allege the elements required for a claim of induced infringement—namely, an allegation of direct infringement by a third party other than the alleged inducer. Plaintiffs' Complaint asserts Barclays is liable for "inducing others to infringe" (Complaint ¶¶ 47, 53), yet fails to allege direct infringement by a party other than Barclays. Nor does Plaintiffs' Complaint plead the second element of inducement—intent to cause direct infringement. *DSU Medical*

*Corp. v. JMS Co.*, 471 F.3d 1293, 1306 (Fed. Cir. 2006). Under these circumstances, Plaintiffs' claim for induced infringement should be dismissed. *See, e.g.*, *Hewlett-Packard*, 2003 WL 23884794, at *1 (dismissing claim of induced infringement where the complaint failed to allege direct infringement by a third party).

    C. **Plaintiffs' Vague and Conclusory Allegations Fail to State a Plausible Claim to Relief for Patent Infringement**

In accord with the analysis set forth in *Ashcroft*, several of the allegations leveled against Barclays are conclusory and thus are not sufficient under Rule 8. 129 S. Ct. at 1951. Specifically, the Complaint sets forth the bare assertion that Barclays "[have] infringed, contributed to the infringement, and induced others to infringe the [Asserted Patents]" via the unidentified "sale products and services". Complaint ¶¶ 47, 53. These conclusory assertions are devoid of any factual enhancement and amount to nothing more than a "formulaic recitation of the elements" of a claim for patent infringement. *Ashcroft*, 129 S. Ct. at 1951 (quoting *Twombly*, 550 U.S. at 555). As such, these allegations are not entitled to any presumption of truth. *Id*.

The Complaint's pertinent factual allegations against Barclays, if presumed to be true, establish only that: (1) Plaintiffs own the Asserted Patents and (2) Barclays sells unidentified products and services. *See* Complaint ¶¶ 47, 53. In other words, the allegations in Plaintiffs' Complaint state nothing more than "we own a patent; you sell products and services." These allegations do not establish a plausible claim to relief for patent infringement and should be dismissed. *Ashcroft*, 129 S. Ct. at 1950.

    D. **The Deficiencies of Plaintiffs' Complaint Cannot Be Rectified Through Discovery**

Plaintiffs' vague and conclusory allegations are insufficient to open the doors to discovery. While the Federal Circuit has explained that the "Federal Rules require only notice pleading by the claimant" and that "discovery allows the plaintiff to develop facts to support the

theory of the complaint," *02 Micro*, 467 F.3d at 1365, the prospect of discovery does not permit Plaintiffs to dispense with the requisite pleading standards.  The Supreme Court has expressly rejected the notion that subsequent discovery may aide in dismissing or bolstering the deficient allegations of a complaint.  *See Ashcroft*, 129 S. Ct. at 1953 ("the question presented by a motion to dismiss a complaint for insufficient pleadings does not turn on the controls placed upon the discovery process."); *Twombly*, 550 U.S. at 559 ("It is no answer to say that a claim just shy of a plausible entitlement to relief can, if groundless, be weeded out early in the discovery process through 'careful case management,' . . . .") (internal citations omitted).

Here, Plaintiffs' Complaint fails to present a plausible theory of patent infringement and merely speculates on Barclays' possible liability.  *See Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level.").  If Plaintiffs' Complaint is allowed to stand, discovery will not be a proper tool for Plaintiffs to "develop facts to support the theory of [their] complaint," *02 Micro*, 467 F.3d at 1365, but rather will give Plaintiffs the chance to obtain facts that may or may not support a coherent and plausible claim of patent infringement against Barclays.  Plaintiffs' failure to raise a plausible claim at this point should not be rewarded with an opportunity to "take up the time of [Barclays], with the right to do so representing an *in terrorem* increment of the [potential] settlement value." *Twombly*, 550 U.S. at 557-58 (quoting *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 347 (2005)).

Barclays recognize the relevance and importance of the patent rules in the Eastern District of Texas, which require the Plaintiff to serve detailed infringement contentions.  *See* P.R. 3-1 (2007).  Barclays also recognizes that, before *Iqbal*, the Eastern District of Texas held that the Patent Rules provide a basis for defendants to obtain more detailed information about a plaintiff's claims.  *PA Advisors, LLC v. Google, Inc.*, No. 2:07-cv-480, WL 4136426, at *6 (E.D.

Tex. Aug. 7, 2008). However, early discovery obligations such as those provided in the local Patent Rules are not a substitute for a well-pled complaint. Thus, Plaintiffs' obligation to provide detailed infringement contentions does not abrogate its antecedent duty to adequately plead a plausible claim to relief for patent infringement. *See Ashcroft*, 129 S. Ct. at 1950.

Discovery in any patent infringement case is expensive, and this Court "retain[s] the power to insist upon some specificity in pleading before allowing a potentially massive factual controversy to proceed." *Twombly*, 550 U.S. at 559 (quoting *Associated Gen. Contractors of Cal., Inc. v. Carpenters*, 459 U.S. 519, 528 n. 17 (1983)). The "basic deficienc[ies]" of Plaintiffs' Complaint should be exposed now, "at the point of minimum expenditure of time and money by the parties and the court." *Id.* at 558 (quoting 5 C. Wright & A. Miller, Federal Practice And Procedure §1216, pp. 233-34 (3d ed. 2004)).

### III.   CONCLUSION

The Supreme Court's decision in *Iqbal* establishes Rule 8 pleading requirements for all cases, including patent cases. Plaintiffs have failed to identify a single product or service which may be infringing their Asserted Patents, and they have grouped thirty-nine separate defendants into a single infringement count with no factual information supporting any claim against any Defendant. Additionally, post-Complaint disclosures pursuant to local rules or discovery demands are not a substitute for a well-pled Complaint. Therefore, Barclays, in seeking a judgment on the pleadings, respectfully request that the Court grant their motion and dismiss Plaintiffs' Complaint.

### IV.   REQUEST FOR ORAL HEARING

Barclays respectfully request an oral hearing on this motion.

Dated:  October 21, 2009

Respectfully submitted,

By: */s/ Neil J. McNabnay*

Thomas M. Melsheimer
txm@fr.com
Texas Bar No. 13922550
Neil J. McNabnay
njm@fr.com
Texas Bar No. 24002583
Tim K. Brown
tkb@fr.com
Texas Bar No. 24043575
**FISH & RICHARDSON P.C.**
1717 Main Street, Suite 5000
Dallas, TX  75201
(214) 747-5070 (Telephone)
(214) 747-2091 (Facsimile)

Attorneys for Defendants
**BARCLAYS BANK PLC; and**
**BARCLAYS BANK DELAWARE;**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on October 21, 2009 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(a)(3).

/s/ Tim K. Brown