gdoveIN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| Phoenix Licensing, L.L.C., an Arizona limited liability company, and LPL Licensing, L.L.C., a Delaware limited liability company;<br><br>Plaintiffs,<br><br>vs.<br><br>Allstate Corporation, a Delaware corporation; Allstate Insurance Company, an Illinois corporation; Allstate Life Insurance Company, an Illinois corporation; Allstate Fire and Casualty Insurance Company, an Illinois corporation; Allstate Property and Casualty Insurance Company, an Illinois corporation; Allstate Indemnity Company, an Illinois corporation; Prudential Financial, Inc., a New Jersey corporation; Prudential Insurance Company of America, a New Jersey corporation; Pruco Life Insurance Company, an Arizona corporation; Pruco Life Insurance Company of New Jersey, a New Jersey corporation; Barclays PLC, a United Kingdom public limited company; Barclays Bank PLC, a United Kingdom public limited company; Barclays Bank Delaware, f/k/a Juniper Financial Management, Inc., a Delaware corporation; New York Life Insurance Company, a New York corporation; New York Life Insurance and Annuity Corporation, a Delaware corporation; NYLIFE Insurance Company of Arizona, an Arizona corporation; PNC Financial Services Group, Inc., a Pennsylvania corporation; PNC Bank, National Association, a national banking association; PNC Bank, Delaware, a national banking subsidiary; National City Bank, a national banking subsidiary; Hartford Financial Services Group, Inc., a Delaware corporation; Hartford Life, Inc., a Delaware corporation; Hartford Fire Insurance Company, a Connecticut corporation; Hartford Fire General Agency, Inc., a Texas corporation; Twin City Fire Insurance Company, an Indiana corporation; Hartford Life Insurance | CASE NO. 2:09-cv-255<br><br>**Jury Trial Demanded** |

| |
|---|
| Company, a Connecticut corporation; Hartford Life and Accident Insurance Company, a Connecticut corporation; Hartford Life and Annuity Insurance Company, a Connecticut corporation; Royal Bank of Scotland Group, PLC, a United Kingdom public limited company; Citizens Financial Group, Inc., a Delaware corporation; RBS Citizens, N.A., a national association; Citizens Bank of Pennsylvania, a Pennsylvania corporation; KeyCorp, an Ohio corporation; KeyBank National Association, a national association; KeyCorp Insurance Agency USA, Inc., a Washington corporation; Key Investment Services LLC, an Ohio limited liability company; Bank of America Corporation, a Delaware corporation; Bank of America, N.A., a national banking association; and FIA Card Services, N.A., a national banking association.<br><br>                    Defendants. |

## Plaintiffs' Opposition to Barclays' Motion to Dismiss the Complaint

**I.   Introduction**

Plaintiffs oppose Barclays' motion to dismiss.

"The Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim. To the contrary, all the Rules require is 'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Phonometrics, Inc. v. Hospitality Franchise Sys.*, 203 F.3d 790, 794 (Fed. Cir. 2000). Barclays' motion must be denied, because Plaintiff's complaint meets that standard.

**II.   Applicable law**

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief' in order to 'give the defendant fair notice of

what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (reciting the same standard).

"Motions to dismiss under Rule 12(b)(6) 'are viewed with disfavor and are rarely granted.'" *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009); *PA Advisors, LLC v. Google, Inc.*, 2008 U.S. Dist. LEXIS 71285, *14 (E.D. Tex. Aug. 7, 2008) ("It is recognized that a motion to dismiss under Rule 12(b)(6) is disfavored and rarely granted.").

Applying this rule to patent cases, the Federal Circuit has stated that "a patentee <u>need only plead facts sufficient to place the alleged infringer on notice</u>." *Phonometrics, Inc. v. Hospitality Franchise Sys.*, 203 F.3d 790, 794 (Fed. Cir. 2000) (emphasis added). The "pleading requirements … cannot be extended to require a plaintiff to specifically include each element of the claims of the asserted patent. … To impose such requirements would contravene the notice pleading standard, and would add needless steps to the already complex process of patent litigation." *Phonometrics,*, 203 F.3d at 794

Instead, a complaint that "alleges ownership of the asserted patent, names each individual defendant, cites the patent that is allegedly infringed, describes the means by which the defendants allegedly infringe, and points to the specific sections of the patent law invoked" is sufficient, since it "contains enough detail to allow the defendants to answer. Rule 12(b)(6) requires no more." *Phonometrics*, 203 F.3d at 794; *see also McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1356 (Fed. Cir. 2007) (citing *Twombly*, 550 US 544).

**III.   Plaintiffs' complaint meets the pleading requirements.**

Plaintiffs' complaint for patent infringement is sufficient because it "alleges ownership of the asserted patent, names each individual defendant, cites the patent that is allegedly infringed, describes the means by which the defendants allegedly infringe, and points to the specific sections of the patent law invoked." *Phonometrics*, 203 F.3d at 794.

<u>First</u>, the complaint clearly alleges ownership of the patents, since it states that "Plaintiff Phoenix is the owner of all right, title, and interest in the ['434 and '938 patents], including all

3

rights to pursue and collect damages for past infringements of the patent. Compl. ¶46 ('434 patent), ¶53 ('938 patent).

*Second*, the complaint identifies the patents that are allegedly infringed. Compl. ¶1 ("United States Patent Numbers: (a) 5,987,434 entitled "Apparatus and Method for Transacting Marketing and Sales of Financial Products" (the ''434 patent'); and (b) 6,999,938 entitled "Automated Reply Generation Direct Marketing System' (the ''938 patent'); (collectively the 'Patents')).

*Third*, the complaint describes the means by which the defendants allegedly infringe. Compl. ¶1 ("Defendants (a) have used, and continue to use, Plaintiff Phoenix's patented technology in products and services that they make, use, import, sell, and offer to sell, without Plaintiffs' permission; and (b) have contributed to or induced, and continue to contribute to or induce, others to infringe the Patents."); *see also McZeal*, 501 F.3d at 1357 (Fed. Cir. 2007) (stating that "a statement that defendant has been infringing the patent 'by making, selling, and using [the device] embodying the patent'" is sufficient for this element).

*Finally*, the complaint "points to the specific sections of the patent law invoked." Compl. ¶2 ("This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 271 and 281, *et seq.* The Court has original jurisdiction over this patent infringement action under 28 U.S.C. § 1338(a).").

Moreover, Plaintiffs' complaint is sufficient because it "contains enough detail to allow the defendants to answer. Rule 12(b)(6) requires no more." *Phonometrics*, 203 F.3d at 794; *see also McZeal*, 501 F.3d at 1357 ("McZeal's complaint contains enough detail to allow the defendants to answer and thus meets the notice pleading required to survive a Rule 12(b)(6) motion."). That the complaint contains enough detail to answer is not a hypothetical proposition; rather, it is an undisputable truth demonstrated by the fact that other Defendants have managed to answer the very same complaint. *See, e.g.,* New York Life's Answer, Dkt. at 91; Keycorp's Answer, Dkt. at 92; RBS's Answer, Dkt. at 93. In light of the fact that other Defendants were able to answer Plaintiffs complaint, "it is disingenuous for [Barclays] to claim

4

that it cannot respond to the claim when the other defendants were able to respond." *See PA Advisors, LLC v. Google, Inc.*, 2008 U.S. Dist. LEXIS 71285, *21 (E.D. Tex. Aug. 7, 2008) (considering a motion for more definite statement)).

## IV.    Barclays' *Twombly* argument fails.

Barclays cites *Twombly* throughout its motion to suggest that Plaintiffs must plead more detailed factual allegations to support a patent infringement claim. Barclays at 3 ("Plaintiffs' Vague and Conclusory Allegations Fail to Provide Adequate Notice to Barclays of the Claims Against Which They Must Defend"). This argument must be rejected for several reasons.

*First*, Barclays' suggestion that *Twombly* requires more detailed factual allegations is contrary to *Twombly*. In *Twombly*, the Supreme Court expressly stated that it did "not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. In addition, the Supreme Court reiterated the rule that "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Twombly*, 550 U.S. at 555. A complaint must be dismissed only if Plaintiffs have failed to "nudge" the claim "across the line from conceivable to plausible." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1951 (U.S. 2009) (alteration omitted) (citing *Twombly*, 550 U.S. at 570).

*Second*, Barclays' argument that *McZeal* requires that Plaintiffs "identify any infringing products or services embodying the patent" (Barclays at 3) is wrong.

Barclays quotes *McZeal* to argue that Plaintiff must "include a statement that the defendant has been infringing the patent '*by making, selling, and using [some identified device] embodying the patent*, . . . .' *McZeal*, 501 F.3d at 1357." Defs. at 3. Barclays' quotation of *McZeal* is misleading. The phrase "[some identified device]" is not found in *McZeal* – instead, the quote was altered and the phrase was added to the quote by Barclays. There is simply no requirement found in *McZeal* that any infringing product or service be identified. Instead, *McZeal* requires only "a statement that defendant has been infringing the patent 'by making, selling, and using [the device] embodying the patent." *See McZeal*, 501 F.3d at 1356-57

5

(alteration in original). Plaintiffs' complaint meets this standard. *See* Compl. ¶1 ("Defendants (a) have used, and continue to use, Plaintiff Phoenix's patented technology in products and services that they make, use, import, sell, and offer to sell, without Plaintiffs' permission; and (b) have contributed to or induced, and continue to contribute to or induce, others to infringe the Patents.").

*Third*, Barclays' argument that an identification of the accused products or services is required has been explicitly rejected by this Court. In *Tierstein v. AGA Medical Corp.*, this Court stated that "[t]he Federal Rules do not require Plaintiff to assert facts as to why the accused products allegedly infringe, nor to specifically list the accused products." *Tierstein v. AGA Medical Corp.* 2009 WL 704138, *5 (E.D. Tex. March 16, 2009) (emphasis added) (considering a motion to dismiss).

Similarly, Barclays' argument that Plaintiffs must specifically identify the product, because "even the *pro se* litigant specifically identified an actual product" in a particular case, (Barclays at 3), must be rejected. The issue is not what a *pro se* litigant did or did not do in a particular case; instead, the issue is what is required for a patent infringement pleading under the controlling Federal law. Barclays' motion to dismiss must be denied, because as discussed above, Plaintiffs' complaint meets the appropriate legal standard.

Finally, Barclays' argument under Rule 11 – that more detailed pleading is required because "Plaintiffs were required to . . . compare Barclays' products and services with [the patent] claims" in its pre-filing investigation – is a red herring. *See* Barclays at 4-5. The issue in this motion is not what was required under Rule 11, but rather what Rule 8 requires for pleading patent infringement. There is no requirement that Plaintiffs put forth all or even some of the evidence that they found in their pre-filing investigation in its pleading. *See Twombly*, 550 U.S. at 555 ("Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.").

Thus, Barclays' motion must be denied.

**V.     Barclays' remaining arguments must be rejected.**

**A.     The Patent Rules provide for identifying infringing products during discovery.**

Barclays next argues that discovery cannot cure any alleged deficiencies in Plaintiffs' complaint. Barclays at 6. This argument fails.

*First*, as explained above, Plaintiffs' complaint meets the pleading requirements under Federal law and the Federal Rules.

*Second*, it is clear that Barclays' primary complaint – that Plaintiffs did not specifically identify the infringing products or services – will be cured through early disclosures. The local Patent Rules specifically require for Plaintiffs to provide this information in their 3-1 disclosures. *See* Patent Rule 3-1(b) (requiring Plaintiffs to identify "each asserted claim, each accused apparatus, product, device, process, method, act, or other instrumentality ('Accused Instrumentality') of each opposing party of which the party is aware."). Plaintiffs must also provide "[a] chart identifying specifically where each element of each asserted claim is found within each Accused Instrumentality, including for each element." Patent Rule 3-1(c).

Since this Court requires Plaintiffs to disclose their infringement contentions early in the litigation process, there is no risk that Barclays will go through discovery without knowing which products Plaintiffs are accusing. *Phonometrics*, 203 F.3d at 794 ("The Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim. . . . Such simplified 'notice pleading' is made possible by the liberal opportunity for discovery and the other pretrial procedures established by the Rules to disclose more precisely the basis of both claim and defense and to define more narrowly the disputed facts and issues").

**B.     Contributory infringement and inducement.**

Barclays next argues that Plaintiffs' claims of contributory infringement and inducement must be dismissed because the complaint does not recite the elements of contributory infringement or inducement. Barclays at 5 (arguing that Plaintffs' must allege "that Barclays offered to sell or sold a 'component of a patented machine . . . or a material or apparatus for use

7

in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of such patent'" for contributory infringement); Barclays at 5 (arguing that Plaintiffs' must allege "that Barclays offered to sell or sold a " component of a patented machine . . . or a material or apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of such patent'" to plead inducement).

Barclays confuses the pleading requirements with what Plaintiffs must prove at trial. "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (reciting the same standard). A "patentee <u>need only plead facts sufficient to place the alleged infringer on notice</u>." *Phonometrics, Inc. v. Hospitality Franchise Sys.*, 203 F.3d 790, 794 (Fed. Cir. 2000) (emphasis added).

There is no requirement that Plaintiffs plead with specificity each element of a claim. *See PA Advisors, LLC v. Google, Inc.*, 2008 U.S. Dist. LEXIS 71285, 22-23 (E.D. Tex. Aug. 7, 2008) (stating that there is no requirement that all material elements be pled in a claim for contributory patent infringement or inducement); *see also Phonometrics, Inc. v. Hospitality Franchise Sys.*, 203 F.3d 790, 794 (Fed. Cir. 2000) ("The Rule 12(b)(6) pleading requirements for a complaint of infringement cannot be extended to require a plaintiff to specifically include each element of the claims of the asserted patent. . . To impose such requirements would contravene the notice pleading standard, and would add needless steps to the already complex process of patent litigation.").

Finally, as discussed below, if the Court finds that any portion of Plaintiffs' complaint is insufficient, it should grant Plaintiffs' request for leave to amend – not dismiss the claim, as Barclays requests.

**VI.    Leave to amend.**

In the event that any portion of Plaintiffs' complaint is found to be deficient, Plaintiffs request leave to amend the complaint.

Federal Rule of Civil Procedure 15(a) states that the "court should freely give leave" to amend "when justice so requires." Fed. R. Civ. P. 15(a). "The language of this rule evinces a bias in favor of granting leave to amend," and "the district court must have a <u>substantial reason</u> to deny a request for leave to amend." *Lyn-Lea Travel Corp. v. Am. Airlines*, 283 F.3d 282, 286 (5th Cir. Tex. 2002) (emphasis added) (internal quotation marks omitted).

"[A]bsent 'any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. -- leave to amend should be freely given." *Drummond Am. Corp. v. Share Corp.*, 2009 U.S. Dist. LEXIS 101310, 3-4 (E.D. Tex. Oct. 30, 2009) (internal alterations, citations, and quotation marks omitted). A court "should not" dismiss a claim "without granting leave to amend, unless the defect is simply incurable or the plaintiff has failed to plead with particularity after being afforded repeated opportunities to do so." *Hart v. Bayer Corp.*, 199 F.3d 239, 248 n.6 (5th Cir. 2000).

Under this standard, Plaintiffs should be granted leave to amend if the complaint is found to be insufficient. Here, there is no evidence of undue delay, bad faith, or dilatory motive on the part of Plaintiffs. In addition, since Plaintiffs have not previously amended the complaint, there has been no previous opportunity to cure any deficiencies. Finally, there is no prejudice to Defendants. The case was filed just two months ago. There is no discovery order, scheduling conference, or trial date set in this case yet. Discovery has not yet begun. Thus, Defendants cannot show any prejudice. Accordingly, Plaintiffs' leave to amend should be granted in the event that Plaintiffs' complaint is found to be insufficient.

**VII.    Conclusion**

9

For the foregoing reasons, Barclays' motion to dismiss must be denied. In the event that Plaintiffs' complaint is found to be insufficient, Plaintiffs should be granted leave to amend their complaint.

Date: November 18, 2009                    Respectfully Submitted,

                                             By:    /s/ Sean Luner
                                                      Sean A. Luner
                                                      CA State Bar No. 165443
                                                      Gregory Scott Dovel
                                                      CA State Bar No. 135387
                                                      Dovel & Luner, LLP
                                                      201 Santa Monica Blvd., Suite 600
                                                      Santa Monica, CA 90401
                                                      Telephone: (310) 656-7066
                                                      Facsimile: (310) 656-7069
                                                      E-mail: sean@dovellaw.com
                                                      E-mail: greg@dovellaw.com

                                                      S. Calvin Capshaw, III
                                                      State Bar No. 03783900
                                                      Elizabeth L. DeRieux
                                                      State Bar No. 05770585
                                                      D. Jeffrey Rambin
                                                      State Bar No. 00791478
                                                      Capshaw DeRieux, LLP
                                                      1127 Judson Road, Suite 220
                                                      Longview, Texas 75601
                                                      (903) 236-9800 Telephone
                                                      (903) 236-8787 Facsimile
                                                      E-mail: ccapshaw@capshawlaw.com
                                                      E-mail: ederieux@capshawlaw.com
                                                      E-mail: jrambin@capshawlaw.com

                                                      ATTORNEYS FOR PLAINTIFFS
                                                      PHOENIX LICENSING, L.L.C. and
                                                      LPL LICENSING, L.L.C.

**CERTIFICATE OF SERVICE**

  I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served this 18th day of November, 2009, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3). Any other counsel of record will be served by electronic mail, facsimile transmission and/or first class mail on this same date.

                /s/ Sean Luner