IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| Phoenix Licensing, L.L.C., an Arizona limited liability company, and LPL Licensing, L.L.C., a Delaware limited liability company;<br><br>Plaintiffs,<br><br>vs.<br><br>Allstate Corporation, a Delaware corporation; Allstate Insurance Company, an Illinois corporation; Allstate Life Insurance Company, an Illinois corporation; Allstate Fire and Casualty Insurance Company, an Illinois corporation; Allstate Property and Casualty Insurance Company, an Illinois corporation; Allstate Indemnity Company, an Illinois corporation; Prudential Financial, Inc., a New Jersey corporation; Prudential Insurance Company of America, a New Jersey corporation; Pruco Life Insurance Company, an Arizona corporation; Pruco Life Insurance Company of New Jersey, a New Jersey corporation; Barclays PLC, a United Kingdom public limited company; Barclays Bank PLC, a United Kingdom public limited company; Barclays Bank Delaware, f/k/a Juniper Financial Management, Inc., a Delaware corporation; New York Life Insurance Company, a New York corporation; New York Life Insurance and Annuity Corporation, a Delaware corporation; NYLIFE Insurance Company of Arizona, an Arizona corporation; PNC Financial Services Group, Inc., a Pennsylvania corporation; PNC Bank, National Association, a national banking association; PNC Bank, Delaware, a national banking subsidiary; National City Bank, a national banking subsidiary; Hartford Financial Services Group, Inc., a Delaware corporation; Hartford Life, Inc., a Delaware corporation; Hartford Fire Insurance Company, a Connecticut corporation; Hartford Fire General Agency, Inc., a Texas corporation; Twin City Fire Insurance Company, an Indiana corporation; Hartford Life Insurance | CASE NO. 2:09-cv-255<br><br>**Jury Trial Demanded** |

Company, a Connecticut corporation; Hartford Life and Accident Insurance Company, a Connecticut corporation; Hartford Life and Annuity Insurance Company, a Connecticut corporation; Royal Bank of Scotland Group, PLC, a United Kingdom public limited company; Citizens Financial Group, Inc., a Delaware corporation; RBS Citizens, N.A., a national association; Citizens Bank of Pennsylvania, a Pennsylvania corporation; KeyCorp, an Ohio corporation; KeyBank National Association, a national association; KeyCorp Insurance Agency USA, Inc., a Washington corporation; Key Investment Services LLC, an Ohio limited liability company; Bank of America Corporation, a Delaware corporation; Bank of America, N.A., a national banking association; and FIA Card Services, N.A., a national banking association.

                Defendants.

**Plaintiffs' Opposition to Prudential's Motion to Dismiss the Complaint**

**I.     Introduction.**

      Plaintiffs oppose Prudential's motion to dismiss.

      The thrust of Prudential's argument is that *Bell Atlantic v. Twombly* requires more detailed factual allegations than Plaintiffs provided in their Complaint. This argument is contrary to both *Twombly* and the controlling Federal Circuit law.

      The Federal Circuit has repeatedly held that a claim for patent infringement is sufficient if it "alleges ownership of the asserted patent, names each individual defendant, cites the patent that is allegedly infringed, describes the means by which the defendants allegedly infringe, and points to the specific sections of the patent law invoked." *Phonometrics, Inc. v. Hospitality Franchise Sys.*, 203 F.3d 790, 794 (Fed. Cir. 2000). The same standard has been applied to patent infringement claims both before and after *Twombly*. *See McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1356 (Fed. Cir. 2007); *see also PA Advisors, LLC v. Google, Inc.*, 2008 U.S. Dist. LEXIS 71285 *18 (E.D. Tex. Aug. 7, 2008) ("The Federal Circuit, applying the law of the

Fifth Circuit, reaffirmed its holding in *Phonometric* in a post-*Bell Atlantic [v. Twombly]* decision." (*citing McZeal*, 501 F.3d at 1357)).

Moreover, *Twombly* itself expressly held that the law did "not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). *Twombly* confirmed that "Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (U.S. 2007) (internal quotation marks and citation omitted). Because Plaintiffs' complaint meets this standard, Prudential's motion to dismiss must be denied.

## II.    Applicable law.

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (reciting the same standard).

"Motions to dismiss under Rule 12(b)(6) are viewed with disfavor and are rarely granted." *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009) (internal quotations marks omitted); *PA Advisors,* 2008 U.S. Dist. LEXIS 71285, *14 ("It is recognized that a motion to dismiss under Rule 12(b)(6) is disfavored and rarely granted.").

Applying this rule to patent cases, the Federal Circuit stated that "a patentee <u>need only plead facts sufficient to place the alleged infringer on notice</u>." *Phonometrics,* , 203 F.3d at 794 (emphasis added). The "pleading requirements … cannot be extended to require a plaintiff to specifically include each element of the claims of the asserted patent. … To impose such requirements would contravene the notice pleading standard, and would add needless steps to the already complex process of patent litigation." *Id.*.

Instead, a complaint that "alleges ownership of the asserted patent, names each individual defendant, cites the patent that is allegedly infringed, describes the means by which the

3

defendants allegedly infringe, and points to the specific sections of the patent law invoked" is sufficient, since it "contains enough detail to allow the defendants to answer. Rule 12(b)(6) requires no more." *Phonometrics*, 203 F.3d at 794.

## II.     Plaintiffs' complaint meets the pleading requirements.

Plaintiffs' complaint for patent infringement is sufficient because it "alleges ownership of the asserted patent, names each individual defendant, cites the patent that is allegedly infringed, describes the means by which the defendants allegedly infringe, and points to the specific sections of the patent law invoked." *Phonometrics,* 203 F.3d at 794.

*First*, the complaint clearly alleges ownership of the patents – it states that "Plaintiff Phoenix is the owner of all right, title, and interest in the ['434 and '938 patents], including all rights to pursue and collect damages for past infringements of the patent." Compl. ¶46 ('434 patent), ¶53 ('938 patent).

*Second*, the complaint identifes the patents that are allegedly infringed. Compl. ¶1 ("United States Patent Numbers: (a) 5,987,434 entitled 'Apparatus and Method for Transacting Marketing and Sales of Financial Products' (the ''434 patent'); and (b) 6,999,938 entitled 'Automated Reply Generation Direct Marketing System' (the ''938 patent'); (collectively the 'Patents')").

*Third*, the complaint describes the means by which the defendants allegedly infringe. Compl. ¶1 ("Defendants (a) have used, and continue to use, Plaintiff Phoenix's patented technology in products and services that they make, use, import, sell, and offer to sell, without Plaintiffs' permission; and (b) have contributed to or induced, and continue to contribute to or induce, others to infringe the Patents."). In *McZeal*, the Federal Circuit explained that Rule 8(a) only requires "a statement that defendant has been infringing the patent 'by making, selling, and using [the device] embodying the patent.'" *McZeal*, 501 F.3d at 1357. Plaintiffs' Complaint satisfies this requirement.

In addition, this Court explicitly rejected the argument that an identification of the accused products or services is required in the pleadings. In *Tierstein v. AGA Medical Corp.*,

4

this Court stated that the "Federal Rules do not require Plaintiff to assert facts as to why the accused products allegedly infringe, nor to specifically list the accused products." *Tierstein v. AGA Medical Corp.* 2009 WL 704138, *5 (E.D.Tex. March 16, 2009) (emphasis added) (considering a motion to dismiss).

<u>Fourth</u>, the complaint "points to the specific sections of the patent law invoked." Compl. ¶2 ("This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 271 and 281, *et seq.* The Court has original jurisdiction over this patent infringement action under 28 U.S.C. § 1338(a).").

Moreover, Plaintiffs' complaint is sufficient because it "contains enough detail to allow the defendants to answer. Rule 12(b)(6) requires no more." *Phonometrics,*, 203 F.3d at 794 (Fed. Cir. 2000); *see also McZeal*, 501 F.3d at 1357 ("McZeal's complaint contains enough detail to allow the defendants to answer and thus meets the notice pleading required to survive a Rule 12(b)(6) motion."). That the complaint contains enough detail to answer is not a hypothetical proposition; rather is an undisputable truth demonstrated by the fact that other Defendants have managed to answer the very same complaint. *See, e.g.,* New York Life's Answer, Dkt. at 91; Keycorp's Answer, Dkt. at 92; RBS's Answer, Dkt. at 93. In light of the fact that other Defendants were able to answer Plaintiffs' complaint, "it is disingenuous for [Prudential] to claim that it cannot respond to the claim when the other defendants were able to respond." *See PA Advisors, LLC v. Google, Inc.*, 2008 U.S. Dist. LEXIS 71285, *21 (E.D. Tex. Aug. 7, 2008) (considering a motion for more definite statement)).

**III.     Prudential's *Twombly* argument.**

Prudential cites *Twombly* throughout its motion to suggest that Plaintiffs must plead more detailed factual allegations to support a patent infringement claim. Prudential at 4-5 (*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). This argument must be rejected for several reasons.

<u>First</u>, Prudential's suggestion that *Twombly* requires more detailed factual allegations is contrary to *Twombly*. In *Twombly*, the Supreme Court expressly stated that it did "not require

heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. In addition, the Supreme Court reiterated the rule that "Federal Rule of Civil Procedure 8(a)(2) requires '<u>only a short and plain statement of the claim showing that the pleader is entitled to relief</u>.'" *Twombly*, 550 U.S. at 555. A complaint must be dismissed only if Plaintiffs have failed to "nudge" the claim "across the line from conceivable to plausible." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1951 (U.S. 2009) (alteration omitted) (citing *Twombly*, 550 U.S. at 570).

<span style="padding-left:2em"></span>*Second*, Prudential's argument is inconsistent with the Federal Circuit's decision in *McZeal v. Sprint Nextel Corp* – in which the Federal Circuit expressly considered the pleading requirements for patent infringement claims after *Twombly*. *See McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1356 (Fed. Cir. 2007) (*citing Twombly*, 550 US 544). In *McZeal*, the Federal Circuit rejected the notion that *Twombly* heightened the pleading standard in patent infringement cases, and instead reaffirmed the standard in *Phonometric* cited above. *See id.* at 1356 (*citing Twombly*, 550 US 544 (2007); *see PA Advisors,* , 2008 U.S. Dist. LEXIS 71285, *18 ("The Federal Circuit, applying the law of the Fifth Circuit, reaffirmed its holding in *Phonometric* in a post-Bell Atlantic decision." (*citing McZeal*, 501 F.3d at 1357)). *McZeal* expressly stated that "a plaintiff in a patent infringement suit is not required to specifically include each element of the claims of the asserted patent," and reiterated the rule that "a patentee need only plead facts sufficient to place the alleged infringer on notice as to what he must defend." *Id.* at 1357.

<span style="padding-left:2em"></span>Moreover, *McZeal* held that a complaint that "includes only the following elements: 1) an allegation of jurisdiction; 2) a statement that the plaintiff owns the patent; 3) a statement that defendant has been infringing the patent 'by making, selling, and using [the device] embodying the patent'; 4) a statement that the plaintiff has given the defendant notice of its infringement; and 5) a demand for an injunction and damages," is sufficient. *See McZeal*, 501 F.3d at 1356-57 (Fed. Cir. 2007) (*citing* Fed. R. Civ. P. Form 16, which sets forth a sample complaint for patent infringement). Prudential's motion to dismiss must be denied, because Plaintiffs' complaint meets this standard.

*Third*, Prudential's argument, that *Twombly* requires more detail, is contrary to this Court's case law applying *Twombly*. For example, in *PA Advisors v. Google*, this Court held that *Twombly* "did not change the pleading requirement of Rule 8. . . . Having satisfied the liberal standards of Rule 8(a), Plaintiff's Complaint survives the motion to dismiss." *PA*, 2008 U.S. Dist. LEXIS 71285, *18-20; *see also USF Equipment and Servs. V. Allied Inter'l Emergency*, Case no. 2:07-CV-490 (TJW), dkt. 31 (E.D. Tex. Sept. 19, 2008) ("the Federal Circuit recently considered the issue, deciding on the proper standard to be used in motions to dismiss for failure to state a patent infringement claim under the Fifth Circuit law, and clearly rejected the argument that *Bell Atlantic* had changed the pleading requirements of Rule 8(a) in patent infringement cases."). This year, in *Tierstein v. AGA Medical Corp.*, this Court held that "The Federal Rules do not require Plaintiff to assert facts as to why the accused products allegedly infringe, nor to specifically list the accused products." *Tierstein v. AGA Medical Corp.* 2009 WL 704138, *5 (E.D.Tex. March 16, 2009).

Prudential's argument that more detailed pleading was required because "it was plaintiffs' duty under Rule 11 to 'conduct a reasonable inquiry'" is a red herring. *See* Prudential at 6. This motion does not address the issue of what is required under Rule 11, but rather is based on what Rule 8 requires for pleading patent infringement. There is no requirement that Plaintiffs plead all or even some of the evidence that they found in their pre-filing investigation. *See Twombly*, 550 U.S. at 555 ("Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'").

In addition, it is clear that Prudential's complaint – that "those products" that are "purportedly infringing is not specified," Prudential at 5-6, will be cured through discovery and early disclosures. The local Patent Rules specifically require Plaintiffs to provide this information in their 3-1 disclosures. *See* Patent Rule 3-1(b) (requiring Plaintiff to identify "each asserted claim, each accused apparatus, product, device, process, method, act, or other instrumentality ('Accused Instrumentality') of each opposing party of which the party is

aware."). Plaintiffs must also provide a "chart identifying specifically where each element of each asserted claim is found within each Accused Instrumentality, including for each element." Patent Rule 3-1(c).

Since this Court will require Plaintiffs to disclose their infringement contentions early in the litigation, there is no risk that Prudential will go through discovery without knowing which products Plaintiffs are accusing. *Phonometrics*, 203 F.3d at 794 ("The Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim. . . . Such simplified 'notice pleading' is made possible by the liberal opportunity for discovery and the other pretrial procedures established by the Rules to disclose more precisely the basis of both claim and defense and to define more narrowly the disputed facts and issues").

**IV.    Leave to amend.**

In the event that Plaintiffs' complaint is found to be deficient, Plaintiffs request leave to amend the complaint.

Federal Rule of Civil Procedure 15(a) states that the "court should freely give leave" to amend "when justice so requires." Fed. R. Civ. P. 15(a). "The language of this rule evinces a bias in favor of granting leave to amend," and "the district court must have a <u>substantial reason</u> to deny a request for leave to amend." *Lyn-Lea Travel Corp. v. Am. Airlines*, 283 F.3d 282, 286 (5th Cir. Tex. 2002) (emphasis added) (internal quotation marks omitted).

"[A]bsent any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – leave to amend should be freely given." *Drummond Am. Corp. v. Share Corp.*, 2009 U.S. Dist. LEXIS 101310, 3-4 (E.D. Tex. Oct. 30, 2009) (internal alterations, citations, and quotation marks omitted). A court "should not" dismiss a claim "without granting leave to amend, unless the defect is simply incurable or the plaintiff has failed to plead with particularity after being afforded repeated opportunities to do so." *Hart v. Bayer Corp.*, 199 F.3d 239, 248 n. 6 (5th Cir. 2000).

Under this standard, if the Court finds that Plaintiffs' complaint is insufficient, Plaintiffs should be granted leave to amend. Here, there is no evidence of undue delay, bad faith, or dilatory motive on the part of Plaintiffs. In addition, since Plaintiffs have not previously amended their complaint, there has been no previous opportunity to cure any deficiencies. Finally, there is no prejudice to Defendants. The case was filed just two months ago. There is no discovery order, scheduling conference, or trial date set in this case. Discovery has not yet begun. Defendants cannot show any prejudice. Thus, Plaintiffs' leave to amend should be granted in the event that Plaintiffs' complaint is found to be insufficient.

## V.    Conclusion

For the foregoing reasons, Prudential's motion to dismiss must be denied. If Plaintiffs' complaint is found to be insufficient, Plaintiffs should be granted leave to amend the complaint.

Date: November 18, 2009                             Respectfully Submitted,

By:    /s/ Sean Luner
Sean A. Luner
CA State Bar No. 165443
Gregory Scott Dovel
CA State Bar No. 135387
Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
Telephone: (310) 656-7066
Facsimile: (310) 656-7069
E-mail: sean@dovellaw.com
E-mail: greg@dovellaw.com

S. Calvin Capshaw, III
State Bar No. 03783900
Elizabeth L. DeRieux
State Bar No. 05770585
D. Jeffrey Rambin
State Bar No. 00791478
Capshaw DeRieux, LLP
1127 Judson Road, Suite 220
Longview, Texas 75601
(903) 236-9800 Telephone
(903) 236-8787 Facsimile

E-mail: ccapshaw@capshawlaw.com
E-mail: ederieux@capshawlaw.com
E-mail: jrambin@capshawlaw.com

ATTORNEYS FOR PLAINTIFFS
PHOENIX LICENSING, L.L.C. and
LPL LICENSING, L.L.C.

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served this 18th day of November, 2009, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3). Any other counsel of record will be served by electronic mail, facsimile transmission and/or first class mail on this same date.

/s/ Sean Luner