IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| Phoenix Licensing, L.L.C., an Arizona limited liability company, and LPL Licensing, L.L.C., a Delaware limited liability company;<br><br>     Plaintiffs,<br><br>vs.<br><br>Allstate Corporation, a Delaware corporation; Allstate Insurance Company, an Illinois corporation; Allstate Life Insurance Company, an Illinois corporation; Allstate Fire and Casualty Insurance Company, an Illinois corporation; Allstate Property and Casualty Insurance Company, an Illinois corporation; Allstate Indemnity Company, an Illinois corporation; Prudential Financial, Inc., a New Jersey corporation; Prudential Insurance Company of America, a New Jersey corporation; Pruco Life Insurance Company, an Arizona corporation; Pruco Life Insurance Company of New Jersey, a New Jersey corporation; Barclays PLC, a United Kingdom public limited company; Barclays Bank PLC, a United Kingdom public limited company; Barclays Bank Delaware, f/k/a Juniper Financial Management, Inc., a Delaware corporation; New York Life Insurance Company, a New York corporation; New York Life Insurance and Annuity Corporation, a Delaware corporation; NYLIFE Insurance Company of Arizona, an Arizona corporation; PNC Financial Services Group, Inc., a Pennsylvania corporation; PNC Bank, National Association, a national banking association; PNC Bank, Delaware, a national banking subsidiary; National City Bank, a national banking subsidiary; Hartford Financial Services Group, Inc., a Delaware corporation; Hartford Life, Inc., a Delaware corporation; Hartford Fire Insurance Company, a Connecticut corporation; Hartford Fire General Agency, Inc., a Texas corporation; Twin City Fire Insurance Company, an Indiana corporation; Hartford Life Insurance | CASE NO. 2:09-cv-255 (TJW)<br><br>**Jury Trial Demanded<br>By Plaintiffs** |

| |
|---|
| Company, a Connecticut corporation; Hartford Life and Accident Insurance Company, a Connecticut corporation; Hartford Life and Annuity Insurance Company, a Connecticut corporation; Royal Bank of Scotland Group, PLC, a United Kingdom public limited company; Citizens Financial Group, Inc., a Delaware corporation; RBS Citizens, N.A., a national association; Citizens Bank of Pennsylvania, a Pennsylvania corporation; KeyCorp, an Ohio corporation; KeyBank National Association, a national association; KeyCorp Insurance Agency USA, Inc., a Washington corporation; Key Investment Services LLC, an Ohio limited liability company; Bank of America Corporation, a Delaware corporation; Bank of America, N.A., a national banking association; and FIA Card Services, N.A., a national banking association.<br><br>                    Defendants. |

**REPLY IN SUPPORT OF
MOTION BY PRUDENTIAL FINANCIAL, INC.,
THE PRUDENTIAL INSURANCE COMPANY OF AMERICA,
PRUCO LIFE INSURANCE COMPANY AND PRUCO LIFE INSURANCE
COMPANY OF NEW JERSEY TO DISMISS PLAINTIFFS' COMPLAINT FOR
FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**

Defendants Prudential Financial, Inc., The Prudential Insurance Company of America, Pruco Life Insurance Company and Pruco Life Insurance Company of New Jersey (collectively "Prudential") file this reply in support of their motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) for failure to state a claim upon which relief can be granted. (Dckt. No. 86).

Plaintiffs' Opposition (Dckt. No. 121) does nothing to address the points made in Prudential's motion. The Opposition does not dispute that the infringement allegations are circular and conclusory and does not address the Supreme Court's recent decision in *Ashcroft v. Iqbal* ("*Iqbal*"), which sets forth a two-part test for evaluating the sufficiency of a complaint. 556 U.S. __, 129 S.Ct. 1937, 1949-50 (2009). Plaintiffs' failure to explain how its complaint might pass muster under the two-part test of *Iqbal* alone requires that Prudential's motion be granted.

In arguing that the complaint "describes the means by which the defendants allegedly infringe," Plaintiffs rely on the following excerpt from the complaint:

> Defendants (a) have used, and continue to use, Plaintiff Phoenix's patented technology in products and services that they make, use, import, sell, and offer to sell, without Plaintiffs' permission; and (b) have contributed to or induced, and continue to contribute to or induce, others to infringe the Patents.

(Opp. at 4). This sentence is devoid of substance and does not identify any "means" at all. In particular, it fails wholly to identify, at any level of detail, what Prudential activities Plaintiffs believe are infringing and is wholly insufficient to meet the standard required by Rule 8(a). *See Iqbal,* 129 S.Ct. at 1949 ("[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice"); *see also Fernandez-Montes v. Allied Pilots Assn.*, 987 F.2d 278, 284 (5th Cir. 1993) ("conclusory allegations or legal conclusions masquerading as

1

factual conclusions will not suffice to prevent a motion to dismiss") (affirming Rule 12(b)(6) dismissal). Plaintiffs make no attempt to identify "what" is infringing, no doubt seeking to improperly unlock the doors to discovery to embark on a fishing expedition. *See Iqbal,* 129 S.Ct. at 1950 (Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions").

Indeed, the cases relied on by Plaintiffs highlight their failure to identify "what" is accused of infringement. In *McZeal*, the complaint identified a very specific defendant product – "Motorola i930 'INTERNATIONAL WALKIE TALKIE'" – as infringing.[1] *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1357 (Fed. Cir. 2007). Similarly, in *PA Advisors*, the complaint identified the specific "Yahoo! Search Marketing, Sponsored Search, Y!Q Search, Yahoo! Behavioral Targeting, Fusion, Impulse, Shoppers, Engagers, Yahoo! Publisher Network, and Yahoo! Accounts' personalized features" as infringing.[2] *PA Advisors, LLC v. Google, Inc.,* 07-cv-480, 2008 U.S. Dist. LEXIS 71285, at *5-6 (E.D. Tex. Aug. 7, 2008). In stark contrast, no products or services are identified here.

---

[1] Further, the citation from *McZeal* to which Plaintiffs point, *i.e.,* that Rule 8 requires "a statement that defendant has been infringing the patent 'by making, selling, and using [the device] embodying the patent,'" (Opp. at 4) is also contrary to Plaintiffs' position – as there is no such "device" identified by Plaintiffs. *McZeal* was quoting Fed. R. Civ. P. Form 16 (2006). *See McZeal*, 501 F.3d at 1356-57. The current incarnation of Form 16 is Form 18, which sets forth a claim for patent infringement using, *inter alia*, the following language: "The defendant has infringed and is still infringing the Letters Patent by making, selling, and using <u>electric motors</u> that embody the patented invention, and the defendant will continue to do so unless enjoined by this court." Fed. R. Civ. P. Form 18 (2009) (emphasis in original). Noticeably, Form 18 identifies the accused product – electric motors.

[2] Plaintiffs also rely on *PA Advisors* to argue that it is disingenuous for Prudential to claim it cannot respond to the complaint because others have answered. (Opp. at 5). But as noted above, in *PA Advisors* the patentee *did* identify specific, accused products making *PA Advisors* inapposite here.

2

Plaintiffs rely on *Teirstein* for the proposition that this Court purportedly "rejected" the argument that identification of the accused products is necessary, but such reliance is misplaced. (Opp. at 4-5). *Teirstein v. AGA Medical Corp.*, No 6:08-cv-14, 2009 WL 704138 (E.D. Tex. Mar. 16, 2009). In *Teirsten*, the issue was the adequacy of the defendants' invalidity claims, not the plaintiff's infringement claims. *Id.* at *3-6. And in any case, the complaint filed in *Teirsten*, like those in *McZeal* and *PA Advisors*, *did* identify specific accused products, such as "the Septal Occluder, the Multi-Fenestrated Septal Occluder" and many others. (*See* Exh. A at ¶¶ 11-12).

The *Phonometrics* decision so often cited by Plaintiffs supports Prudential's position as well. *Phonometrics, Inc. v. Hospitality Franchise Sys., Inc.,* 203 F.3d 790 (Fed. Cir. 2000). *Phonometrics* requires that a complaint identify "the means by which the defendants allegedly infringe," and as discussed above in the instant complaint no "means" are identified at all. *See id.* at 794. Moreover, *Phonometrics* requires that facts be plead that are "sufficient to place the alleged infringer on notice." *Id.* Plaintiffs' complaint has provided no such notice: it may notify Prudential that Plaintiffs believe that the patents-in-suit are being infringed, but does not notify Prudential as to what, specifically, Plaintiffs think infringes.

Plaintiffs suggest that the local Patent Rules will "cure" the deficiencies in their complaint by requiring Plaintiffs to identify the products-at-issue in the P.R. 3-1 disclosures. (Opp. At 7-8). But as the Supreme Court pointed out, "[i]t is no answer to say that a claim just shy of plausible entitlement to relief can, if groundless, be weeded out early in the discovery process through 'careful case management,' . . . ." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 559 (2007). If the allegations in a complaint are deficient, they should be exposed at the point of minimum expenditure of time and money by the parties and the court. *See id.* at 558.

Finally, Plaintiffs should not be granted leave to amend. Plaintiffs had ample opportunity to present a more specific complaint at filing, especially if they had conducted the pre-suit diligence that their Opposition seems to imply they did. (Opp. at 7). Instead, they chose to file their insufficient pleading. Against this background, it is wholly proper to deny leave to amend.

Because Plaintiffs have failed adequately to plead any claim for relief, Prudential respectfully requests that the Court dismiss Plaintiffs' complaint against Prudential, with prejudice and without leave to amend.

November 25, 2009                    Respectfully submitted,

                                     BY: /s/ Michael Sandonato (by permission Patrick Kelley)
                                         Michael P. Sandonato
                                         msandonato@fchs.com
                                         Christopher P. Borello
                                         cborello@fchs.com
                                         FITZPATRICK CELLA HARPER & SCINTO
                                         1290 Avenue of the Americas
                                         New York, N.Y. 10104-3800
                                         Telephone: (212) 218-2100
                                         Facsimile: (212) 218-2200

OF COUNSEL:
Otis Carroll
State Bar No. 03895700
Patrick Kelley
State Bar No. 11202500
IRELAND, CARROLL & KELLEY, P.C.
6101 S. Broadway, Suite 500
Tyler, Texas 75703
Tel: (903) 561-1600
Fax; (903) 581-1071
Fedserv@icklaw.com

                                         *Defendants Prudential Financial, Inc., The*
                                         *Prudential Insurance Company of America, Pruco*
                                         *Life Insurance Company and Pruco Life Insurance*
                                         *Company of New Jersey*

4

**CERTIFICATE OF SERVICE**

    The undersigned certifies that a true and correct copy of the foregoing REPLY IN SUPPORT OF MOTION BY PRUDENTIAL FINANCIAL, INC., THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, PRUCO LIFE INSURANCE COMPANY AND PRUCO LIFE INSURANCE COMPANY OF NEW JERSEY TO DISMISS PLAINTIFFS' COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED  was served on all counsel of record via electronic delivery this 25th day of November, 2009.

                   /s/ Patrick Kelley