UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| **PHOENIX LICENSING, L.L.C. and LPL LICENSING, L.L.C.,** | ) ) ) ) |
| **Plaintiffs,** | ) Civil Action No. 2:09-cv-255-TJW ) |
| **v.** | ) ) **Jury Trial Demanded** |
| **THE ALLSTATE CORPORATION et al.,** | ) ) |
| **Defendants.** | ) ) |

## ALLSTATE'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PHOENIX LICENSING, L.L.C.'S AND LPL LICENSING, L.L.C.'S COMPLAINT

Defendants, Allstate Insurance Company, Allstate Indemnity Company, Allstate Fire and Casualty Insurance Company, Allstate Property and Casualty Insurance Company, and Allstate Life Insurance Company (collectively, "Allstate"), by and through the undersigned counsel, hereby respond to the Complaint of Phoenix Licensing, L.L.C., and LPL Licensing, L.L.C., (collectively, "Phoenix") as follows, and any allegations or averments not specifically admitted herein are denied:

### Introduction

1.      Plaintiff Phoenix owns the invention described and claimed in United States Patent Numbers:

(a) 5,987,434 entitled "Apparatus and Method for Transacting Marketing and Sales of Financial Products" (the '434 patent"); and

(b) 6,999,938 entitled "Automated Reply Generation Direct Marketing System" (the "938 patent");

(collectively the "Patents"). Pursuant to a license agreement dated December 1, 2006, Plaintiff LPL is the exclusive licensee of the Patents. Defendants (a) have used, and continue to use, Plaintiff Phoenix's patented technology in products and services that they make, use, import, sell, and offer to sell, without Plaintiffs' permission; and (b) have contributed to or induced, and continue to contribute to or induce, others to infringe the Patents. Plaintiffs seek damages for patent infringement and an injunction preventing Defendants from making, using, selling, or offering to sell, and from contributing to and inducing others to make, use, sell, or offer to sell, the technology claimed by the Patent without Plaintiffs' permission.

**ANSWER:**    Allstate admits that U.S. Patent No. 5,987,434 ("the '434 patent") is entitled "Apparatus and Method for Transacting Marketing and Sales of Financial Products" and that U.S. Patent No. 6,999,938 ("the '938 patent") is entitled "Automated Reply Generation Direct Marketing System." Allstate explicitly denies that the '434 and '938 patents are valid and/or enforceable. Allstate admits that Phoenix seeks damages and injunctive relief in its Complaint, but Allstate denies that Phoenix is entitled to any such relief. Allstate is without knowledge or information sufficient to form a belief as to the truth of the allegations related to whether Phoenix Licensing, L.L.C. owns the '434 and '938 patents, and therefore they are denied. Allstate is without knowledge or information sufficient to form a belief as to the truth of the allegations related to whether LPL Licensing, L.L.C. is the exclusive licensee of the '434 and '938 patents, and therefore they are denied. Allstate denies the remaining allegations in this paragraph.

## Jurisdiction and Venue

2.    This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 271 and 281, *et seq*. The Court has original jurisdiction over this patent infringement action under 28 U.S.C. § 1338(a).

**ANSWER:**    Allstate admits that the Complaint purports to state claims under the patent laws of the United States, but Allstate denies that it directly or indirectly infringes either the '434 patent or the '934 patent. Allstate admits that the Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1338(a).

2

3.    Within this judicial district each of the Defendants has committed acts and continues to commit acts that give rise to this action, including making sales of infringing products and offering for sale infringing products. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and § 1400.

**ANSWER:**    Allstate denies that it has committed or is committing acts of patent infringement, including denying that it has committed or is committing acts of patent infringement in this judicial district.  Allstate does not contest the exercise of personal jurisdiction over it by the Court in this case.  Allstate admits that venue is proper in this judicial district in this case, but denies that this judicial district is convenient for the parties or witnesses, and denies that it is in the interests of justice for this action to proceed in this judicial district.  With respect to Allstate, the remaining allegations in this paragraph are denied.  Allstate is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph with respect to the other defendants, and therefore they are denied.

### Plaintiffs Phoenix and LPL

4.    Phoenix Licensing, L.L.C. is an Arizona limited liability company having a principal place of business in Scottsdale, Arizona.

**ANSWER:**    Allstate is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore they are denied.

5.    LPL Licensing, L.L.C. is a Delaware limited liability company having a principal place of business in Scottsdale, Arizona.

**ANSWER:**    Allstate is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore they are denied.

### Defendants

### Allstate

6.    Upon information and belief, Defendant Allstate Corporation is a Delaware corporation with its principal place of business in Northbrook, Illinois.

**ANSWER:**    Allstate admits that The Allstate Corporation is a Delaware corporation having its principal place of business in Northbrook, Illinois. Allstate denies the remaining allegations in this paragraph.

7.    Upon information and belief, Defendant Allstate Insurance Company is an Illinois corporation with its principal place of business in Northbrook, Illinois.

**ANSWER:**    Allstate admits that Allstate Insurance Company has its principal place of business in Northbrook, Illinois. Allstate states that Allstate Insurance Company is an Illinois insurance company. Allstate denies the remaining allegations in this paragraph.

8.    Upon information and belief, Defendant Allstate Life Insurance Company is an Illinois corporation with its principal place of business in Northbrook, Illinois.

**ANSWER:**    Allstate admits that Allstate Life Insurance Company has its principal place of business in Northbrook, Illinois. Allstate states that Allstate Life Insurance Company is an Illinois insurance company. Allstate denies the remaining allegations in this paragraph.

9.    Upon information and belief, Defendant Allstate Fire and Casualty Insurance Company is an Illinois corporation with its principal place of business in Northbrook, Illinois.

**ANSWER:**    Allstate admits that Allstate Fire and Casualty Insurance Company has its principal place of business in Northbrook, Illinois. Allstate states that Allstate Fire and Casualty Insurance Company is an Illinois insurance company. Allstate denies the remaining allegations in this paragraph.

10.    Upon information and belief, Defendant Allstate Property and Casualty Insurance Company is an Illinois corporation with its principal place of business in Northbrook, Illinois.

**ANSWER:**    Allstate admits that Allstate Property and Casualty Insurance Company has its principal place of business in Northbrook, Illinois. Allstate states that Allstate Property and Casualty Insurance Company is an Illinois insurance company. Allstate denies the remaining allegations in this paragraph.

11.    Upon information and belief, Defendant Allstate Indemnity Company is an Illinois corporation with its principal place of business in Northbrook, Illinois.

**ANSWER:**    Allstate admits that Allstate Indemnity Company has its principal place of business in Northbrook, Illinois.  Allstate states that Allstate Indemnity Company is an Illinois insurance company.  Allstate denies the remaining allegations in this paragraph.

### **Prudential**

12.    Upon information and belief, Defendant Prudential Financial, Inc. is a New Jersey corporation with its principal place of business in Newark, New Jersey.

**ANSWER:**    Allstate is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore they are denied.

13.    Upon information and belief, Defendant Prudential Insurance Company of America is a New Jersey corporation with its principal place of business in Newark, New Jersey.

**ANSWER:**    Allstate is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore they are denied.

14.    Upon information and belief, Defendant Pruco Life Insurance Company is an Arizona corporation with its principal place of business in Newark, New Jersey.

**ANSWER:**    Allstate is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore they are denied.

15.    Upon information and belief, Defendant Pruco Life Insurance Company of New Jersey is a New Jersey corporation with its principal place of business in Newark, New Jersey.

**ANSWER:**    Allstate is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore they are denied.

### **Barclays**

16.    Upon information and belief, Defendant Barclays PLC is a United Kingdom public limited company with its principal place of business in London, United Kingdom.

**ANSWER:**    Allstate is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore they are denied.

17.    Upon information and belief, Defendant Barclays Bank PLC is a United Kingdom public limited company with its principal place of business in London, United Kingdom.

**ANSWER:**    Allstate is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore they are denied.

18.    Upon information and belief, Defendant Barclays Bank Delaware, f/k/a Juniper Financial Management, Inc. is a Delaware corporation with its principal place of business in Wilmington, Delaware.

**ANSWER:**    Allstate is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore they are denied.

### New York Life

19.    Upon information and belief, Defendant New York Life Insurance Company is a New York corporation with its principal place of business in New York, New York.

**ANSWER:**    Allstate is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore they are denied.

20.    Upon information and belief, Defendant New York Life Insurance and Annuity Corporation is a Delaware corporation with its principal place of business in New York, New York.

**ANSWER:**    Allstate is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore they are denied.

21.    Upon information and belief, Defendant NYLIFE Insurance Company of Arizona is an Arizona corporation with its principal place of business in New York, New York.

**ANSWER:**    Allstate is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore they are denied.

## PNC

22.    Upon information and belief, Defendant PNC Financial Services Group, Inc. is a Pennsylvania corporation with its principal place of business in Pittsburg, Pennsylvania.

**ANSWER:**    Allstate is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore they are denied.

23.    Upon information and belief, Defendant PNC Bank, National Association is a national banking association with its principal place of business in Pittsburg, Pennsylvania.

**ANSWER:**    Allstate is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore they are denied.

24.    Upon information and belief, Defendant PNC Bank, Delaware is a national banking subsidiary of the PNC Financial Services Group, Inc. with its principal place of business in Wilmington, Delaware.

**ANSWER:**    Allstate is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore they are denied.

25.    Upon information and belief, Defendant National City Bank is a national banking subsidiary of the PNC Financial Services Group, Inc. with its principal place of business in Cleveland, Ohio.

**ANSWER:**    Allstate is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore they are denied.

## Hartford

26.    Upon information and belief, Defendant Hartford Financial Services Group, Inc. is a Delaware corporation with its principal place of business in Hartford, Connecticut.

**ANSWER:**    Allstate is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore they are denied.

27.    Upon information and belief, Defendant Hartford Life, Inc. is a Delaware corporation with its principal place of business in Simsbury, Connecticut.

**ANSWER:**    Allstate is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore they are denied.

28.    Upon information and belief, Defendant Hartford Fire Insurance Company is a Connecticut corporation with its principal place of business in Hartford, Connecticut.

**ANSWER:**    Allstate is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore they are denied.

29.    Upon information and belief, Defendant Hartford Fire General Agency, Inc. is a Texas corporation with its principal place of business in Austin, Texas.

**ANSWER:**    Allstate is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore they are denied.

30.    Upon information and belief, Defendant Twin City Fire Insurance Company in an Indiana corporation with its principal place of business in Indianapolis, Indiana.

**ANSWER:**    Allstate is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore they are denied.

31.    Upon information and belief, Defendant Hartford Life Insurance Company is a Connecticut corporation with its principal place of business in Simsbury, Connecticut.

**ANSWER:**    Allstate is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore they are denied.

32.    Upon information and belief, Defendant Hartford Life and Accident Insurance Company is a Connecticut corporation with its principal place of business in Simsbury, Connecticut.

**ANSWER:**    Allstate is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore they are denied.

33.    Upon information and belief, Defendant Hartford Life and Annuity Insurance Company is a Connecticut corporation with its principal place of business in Hartford, Connecticut.

**ANSWER:**    Allstate is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore they are denied.

### RBS Citizens

34.    Upon information and belief, the Royal Bank of Scotland Group, PLC is a United Kingdom public limited company with its principal place of business in Edinburg, Scotland.

**ANSWER:**    Allstate is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore they are denied.

35.    Upon information and belief, Defendant Citizens Financial Group, Inc. is a Delaware corporation with its principal place of business in Providence, Rhode Island.

**ANSWER:**    Allstate is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore they are denied.

36.    Upon information and belief, Defendant RBS Citizens, N.A. is national association with its principal place of business in Providence, Rhode Island.

**ANSWER:**    Allstate is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore they are denied.

37.    Upon information and belief, Defendant Citizens Bank of Pennsylvania is a Pennsylvania corporation with its principal place of business in Philadelphia, Pennsylvania.

**ANSWER:**    Allstate is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore they are denied.

### KeyCorp

38.    Upon information and belief, Defendant KeyCorp is an Ohio corporation with its principal place of business in Cleveland, Ohio.

**ANSWER:**    Allstate is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore they are denied.

39.    Upon information and belief, Defendant KeyBank National Association is a national association with its principle place of business in Cleveland, Ohio.

**ANSWER:**     Allstate is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore they are denied.

40.     Upon information and belief, Defendant KeyCorp Insurance Agency USA, Inc. is a Washington corporation with its principle place of business in Gig Harbor, Washington.

**ANSWER:**     Allstate is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore they are denied.

41.     Upon information and belief, Defendant Key Investment Services LLC is an Ohio limited liability company with its principle place of business in Cleveland, Ohio.

**ANSWER:**     Allstate is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore they are denied.

## Bank of America

42.     Upon information and belief, Bank of America Corporation is a Delaware corporation with its principal place of business in Charlotte, North Carolina.

**ANSWER:**     Allstate is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore they are denied.

43.     Upon information and belief, Bank of America, N.A. is a national banking association with its principal place of business in Charlotte, North Carolina.

**ANSWER:**     Allstate is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore they are denied.

44.     Upon information and belief, FIA Card Services, N.A. is a national bank association with its principle place of business in Wilmington, Delaware.

**ANSWER:**     Allstate is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore they are denied.

## First Claim for Patent Infringement
## (infringement of the '434 patent)

45.     Plaintiffs incorporate by reference each of the allegations in paragraphs 1 through 44 above and further allege as follows:

**ANSWER:**    Allstate's responses to paragraphs 1-44 above are restated and incorporated by reference as though fully set forth herein.

46.    The United States Patent and Trademark Office issued the '434 patent on November 16, 1999. Attached as Exhibit A is a copy of the '434 patent. Through assignment, Plaintiff Phoenix is the owner of all right, title, and interest in the '434 patent, including all rights to pursue and collect damages for past infringements of the patent.

**ANSWER:**    Allstate admits that the issue date on the face of the '434 patent is November 16, 1999.  Allstate admits that what appears to be a copy of the '434 patent is attached as Exhibit A to the complaint.  To the extent this paragraph states or implies that the '434 patent is valid, enforceable, and/or infringed by Allstate, Allstate denies any such allegation.  Allstate is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and therefore they are denied.

47.    Defendants have infringed, contributed to the infringement, and induced others to infringe the '434 patent and, unless enjoined, will continue to do so, by manufacturing, importing, using, selling, or offering for sale products and services that infringe the claims of the '434 patent and by contributing to or inducing others to infringe the claims of the '434 patent without a license or permission from Plaintiffs.

**ANSWER:**    With respect to Allstate, the allegations in this paragraph are denied.  Allstate is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph with respect to the other defendants, and therefore they are denied.

48.    Plaintiffs have been damaged by Defendants' infringement of the '434 patent and will suffer additional irreparable damage and impairment of the value of its patent rights unless Defendants are enjoined from continuing to infringe the '434 patent.

**ANSWER:**    With respect to Allstate, the allegations in this paragraph are denied.  Allstate is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph with respect to the other defendants, and therefore they are denied.

49.    The Defendants are and have been willfully infringing one or more claims of the '434 patent.

11

**ANSWER:**     With respect to Allstate, the allegations in this paragraph are denied.  Allstate is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph with respect to the other defendants, and therefore they are denied.

50.     Plaintiffs are entitled to recover damages from the Defendants to compensate them for the infringement.

**ANSWER:**     With respect to Allstate, the allegations in this paragraph are denied.  Allstate is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph with respect to the other defendants, and therefore they are denied.

**Second Claim for Patent Infringement**
**(infringement of the '938 patent)**

51.     Plaintiffs incorporate by reference each of the allegations in paragraphs 1 through 44 above and further alleges as follows:

**ANSWER:**     Allstate's responses to paragraphs 1-44 above are restated and incorporated by reference as though fully set forth herein.

52.     The United States Patent and Trademark Office issued the '938 patent on February 14, 2006. Attached as Exhibit B is a copy of the text of the '938 patent. Through assignment, Plaintiff Phoenix is the owner of all right, title, and interest in the '938 patent, including all rights to pursue and collect damages for past infringements of the patent.

**ANSWER:**     Allstate admits that the issue date on the face of the '938 patent is February 14, 2006.  Allstate admits that what appears to be a copy of the '938 patent is attached as Exhibit B to the complaint.  To the extent this paragraph states or implies that the '938 patent is valid, enforceable, and/or infringed by Allstate, Allstate denies any such allegation.  Allstate is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and therefore they are denied.

53.     Defendants have infringed, contributed to the infringement, and induced others to infringe the '938 patent and, unless enjoined, will continue to do so, by manufacturing, importing, using, selling, or offering for sale products and services that infringe the claims of the '938 patent

and by contributing to or inducing others to infringe the claims of the '938 patent without a license or permission from Plaintiffs.

**ANSWER:**     With respect to Allstate, the allegations in this paragraph are denied.  Allstate is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph with respect to the other defendants, and therefore they are denied.

54.     Plaintiffs have been damaged by Defendants' infringement of the '938 patent and will suffer additional irreparable damage and impairment of the value of its patent rights unless Defendants are enjoined from continuing to infringe the '938 patent.

**ANSWER:**     With respect to Allstate, the allegations in this paragraph are denied.  Allstate is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph with respect to the other defendants, and therefore they are denied.

55.     The Defendants are and have been willfully infringing one or more claims of the '938 patent.

**ANSWER:**     With respect to Allstate, the allegations in this paragraph are denied.  Allstate is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph with respect to the other defendants, and therefore they are denied.

56.     Plaintiffs are entitled to recover damages from the Defendants to compensate them for the infringement.

**ANSWER:**     With respect to Allstate, the allegations in this paragraph are denied.  Allstate is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph with respect to the other defendants, and therefore they are denied.

57.     Plaintiffs demand trial by jury of all issues relating to these claims regarding the '434 and '938 patents.

**ANSWER:**     Allstate recognizes Plaintiffs' request for a jury trial.

## AFFIRMATIVE DEFENSES

Without assuming any burden that it would not otherwise have, Allstate asserts the following Affirmative Defenses:

### First Affirmative Defense
### (Non-Infringement)

Allstate does not infringe any valid claim of either the '434 patent or the '938 patent.

### Second Affirmative Defense
### (Invalidity)

The '434 patent and the '938 patent are invalid for failure to satisfy one or more of the conditions of patentability of 35 U.S.C. § 1 *et seq.*, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

### Third Affirmative Defense
### (Laches)

On information and belief, Plaintiffs are barred from asserting either the '434 patent or the '938 patent with respect to any alleged acts of infringement that occurred prior to the filing date of this lawsuit under the doctrine of laches.

### Fourth Affirmative Defense
### (Intervening Rights)

To the extent Plaintiffs seek recovery for any alleged infringement of claims of the '434 patent that were altered during reexamination, under 35 U.S.C. §§ 252 and 307(b), such recovery is barred for acts allegedly occurring prior to the issuance of the '434 patent reexamination certificate.

### Fifth Affirmative Defense
### (Failure to State a Claim)

Plaintiffs' claims of alleged infringement do not state claims upon which relief may be granted.

14

**WHEREFORE,** Allstate requests judgment as follows:

A.      That the Complaint be dismissed with prejudice;

B.      That U.S. Patent Nos. 5,987,434 and 6,999,938 are not infringed by any of Allstate's activities, products, or services;

C.      That U.S. Patent Nos. 5,987,434 and 6,999,938 are invalid;

D.      That Plaintiffs be awarded no relief in view of the above-identified affirmative defenses;

E.      That Plaintiffs, their agents, and their assigns be permanently enjoined from asserting any charge of infringement of U.S. Patent Nos. 5,987,434 and 6,999,938 against Allstate, its agents, employees, successors, and assigns;

F.      That, pursuant to 35 U.S.C. § 285, this is an exceptional case and accordingly Allstate be awarded its reasonable attorneys' fees in maintaining this action and defending against Plaintiffs' Complaint;

G.      That Allstate be awarded its costs; and

H.      That this Court award Allstate such other and further relief as the Court deems just and proper.

## COUNTERCLAIMS FOR DECLARATORY JUDGMENT

## THE PARTIES

1.      Defendant Allstate Insurance Company is an Illinois insurance company with its principal place of business in Northbrook, Illinois.

2.      Defendant Allstate Indemnity Company is an Illinois insurance company with its principal place of business in Northbrook, Illinois.

15

3.      Defendant Allstate Fire and Casualty Insurance Company is an Illinois insurance company with its principal place of business in Northbrook, Illinois.

4.      Defendant Allstate Property and Casualty Insurance Company is an Illinois insurance company with its principal place of business in Northbrook, Illinois.

5.      Defendant Allstate Life Insurance Company is an Illinois insurance company with its principal place of business in Northbrook, Illinois.

6.      On information and belief, Plaintiff Phoenix Licensing, L.L.C. is an Arizona limited liability company with its principal place of business in Scottsdale, Arizona.

7.      On information and belief, Plaintiff LPL Licensing, L.L.C. is a Delaware limited liability company with its principal place of business in Scottsdale, Arizona.

## JURISDICTION AND VENUE

8.      These Counterclaims arise under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*  This Court has subject matter jurisdiction over these Counterclaims pursuant to 28 U.S.C. §§ 1331 and 1338(a).  These Counterclaims also arise under 28 U.S.C. § 2201.

9.      As a result of Phoenix Licensing, L.L.C.'s and LPL Licensing, L.L.C.'s (collectively, "Phoenix" or "Phoenix's") allegations, an actual and justiciable controversy has arisen between Allstate Insurance Company, Allstate Indemnity Company, Allstate Fire and Casualty Insurance Company, Allstate Property and Casualty Insurance Company, and Allstate Life Insurance Company (collectively, "Allstate") and Phoenix with respect to U.S. Patent No. 5,987,434 ("the '434 patent") and U.S. Patent No. 6,999,938 ("the '938 patent").

## COUNT I – DECLARATION OF NON-INFRINGEMENT OF THE '434 PATENT

10.      Paragraphs 1-9 of Allstate's Counterclaims are realleged and reincorporated by reference as though fully set forth herein.

16

11.     Allstate has not and does not infringe any valid claim of the '434 patent.

12.     Absent a declaration that Allstate does not infringe the '434 patent, Phoenix will continue to wrongfully assert the '434 patent against Allstate in violation of the laws and contrary to the public policy of the United States of America, and will thereby continue to cause Allstate irreparable injury and damage.

13.     By reason of the foregoing, there is an actual and justiciable controversy between Allstate and Phoenix, and Allstate is entitled to a decree that it does not infringe the '434 patent.

### COUNT II – DECLARATION OF INVALIDITY OF THE '434 PATENT

14.     Paragraphs 1-13 of Allstate's Counterclaims are realleged and reincorporated by reference as though fully set forth herein.

15.     The '434 patent is invalid for failure to satisfy one or more of the conditions of patentability of 35 U.S.C. § 1 *et seq.*, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

16.     Absent a declaration that the '434 patent is invalid, Phoenix will continue to wrongfully assert the '434 patent against Allstate in violation of the laws and contrary to the public policy of the United States of America, and will thereby continue to cause Allstate irreparable injury and damage.

17.     By reason of the foregoing, there is an actual and justiciable controversy between Allstate and Phoenix, and Allstate is entitled to a decree that the '434 patent is invalid.

### COUNT III – DECLARATION OF NON-INFRINGEMENT OF THE '938 PATENT

18.     Paragraphs 1-17 of Allstate's Counterclaims are realleged and reincorporated by reference as though fully set forth herein.

19.     Allstate has not and does not infringe any valid claim of the '938 patent.

20.    Absent a declaration that Allstate does not infringe the '938 patent, Phoenix will continue to wrongfully assert the '938 patent against Allstate in violation of the laws and contrary to the public policy of the United States of America, and will thereby continue to cause Allstate irreparable injury and damage.

21.    By reason of the foregoing, there is an actual and justiciable controversy between Allstate and Phoenix, and Allstate is entitled to a decree that it does not infringe the '938 patent.

### COUNT IV – DECLARATION OF INVALIDITY OF THE '938 PATENT

22.    Paragraphs 1-21 of Allstate's Counterclaims are realleged and reincorporated by reference as though fully set forth herein.

23.    The '938 patent is invalid for failure to satisfy one or more of the conditions of patentability of 35 U.S.C. § 1 *et seq.*, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

24.    Absent a declaration that the '938 patent is invalid, Phoenix will continue to wrongfully assert the '938 patent against Allstate in violation of the laws and contrary to the public policy of the United States of America, and will thereby continue to cause Allstate irreparable injury and damage.

25.    By reason of the foregoing, there is an actual and justiciable controversy between Allstate and Phoenix, and Allstate is entitled to a decree that the '938 patent is invalid.

### DEMAND FOR JURY TRIAL

Allstate hereby demands a trial by jury on all issues raised in this action that are so triable.

18

## PRAYER FOR RELIEF

**WHEREFORE,** Allstate requests judgment as follows:

A.    That the Complaint be dismissed with prejudice;

B.    That U.S. Patent Nos. 5,987,434 and 6,999,938 are not infringed by any of Allstate's activities, products, or services;

C.    That U.S. Patent Nos. 5,987,434 and 6,999,938 are invalid;

D.    That Plaintiffs be awarded no relief in view of Allstate's affirmative defenses and counterclaims;

E.    That Plaintiffs, their agents, and their assigns be permanently enjoined from asserting any charge of infringement of U.S. Patent Nos. 5,987,434 and 6,999,938 against Allstate, its agents, employees, successors, and assigns;

F.    That, pursuant to 35 U.S.C. § 285, this is an exceptional case and accordingly Allstate be awarded its reasonable attorneys' fees in maintaining this action and defending against Plaintiffs' Complaint;

G.    That Allstate be awarded its costs; and

H.    That this Court award Allstate such other and further relief as the Court deems just and proper.

Dated: November 25, 2009          Respectfully submitted,


By: /s/ Michael L. Krashin
Patrick Kelley (State Bar No. 11202500)
Otis Carroll (State Bar No. 03895700)
IRELAND, CARROLL & KELLEY, P.C.
6101 South Broadway, Suite 500
Tyler, Texas 75703
Telephone:  (903) 561-1600
Facsimile:  (903) 581-1071
*fedserv@icklaw.com*

Christopher J. Renk
Joseph J. Berghammer
Binal J. Patel
Michael L. Krashin
BANNER & WITCOFF, LTD.
10 S. Wacker Drive – Suite 3000
Chicago, Illinois  60606
Telephone:  (312) 463-5000
Facsimile:  (312) 463-5001
*crenk@bannerwitcoff.com*
*jberghammer@bannerwitcoff.com*
*bpatel@bannerwitcoff.com*
*mkrashin@bannerwitcoff.com*

**Attorneys for Defendants**
**Allstate Insurance Company,**
**Allstate Indemnity Company,**
**Allstate Fire and Casualty Insurance Company,**
**Allstate Property and Casualty Insurance Company,**
**and Allstate Life Insurance Company**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/EMF system per Local Rule CV-5(a)(3) on November 25, 2009.  Any other counsel of record will be served by first class mail on the same date.


<u>/s/ Michael L. Krashin</u>