**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| **PHOENIX LICENSING, L.L.C. and LPL LICENSING, L.L.C.** <br><br> **Plaintiffs** <br><br> v. <br><br> **ALLSTATE CORPORATION et al.** <br><br> **Defendants** | **Civil Action 2:09cv255-TJW** <br><br> **Jury Trial Demanded** |

**REPLY TO PLAINTIFFS' OPPOSITION TO
BARCLAYS' MOTION TO DISMISS THE COMPLAINT**

Defendants Barclays Bank PLC and Barclays Bank Delaware (collectively, "Barclays") file this Reply to Plaintiffs Phoenix Licensing, LLC and LPL Licensing, LLC's ("Plaintiffs") "Opposition to Barclays' Motion to Dismiss the Complaint" ("Response"). Pursuant to this Reply, and in support of Barclays' Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Motion to Dismiss"), Barclays submits that (1) Plaintiffs' conclusory allegation of "products and services that infringe" does not satisfy Rule 8's pleading requirements or the standards set forth in the *McZeal*, *Teirsten,* and *Phonometrics* cases cited by Plaintiffs; (2) the fact that other Defendants might have answered similar allegations does not alter Plaintiffs' pleading requirements; (3) Plaintiffs have not adequately alleged contributory infringement and inducement pursuant to the *PA Advisors* and *Phonometrics* cases cited by Plaintiffs; and (4) Plaintiffs should not be granted leave to amend their complaint because their conclusory allegations evidence a misuse of the justice system.

## I. ARGUMENT

### A. A Naked Assertion of "Products and Services That Infringe" Does Not Satisfy Rule 8's Pleading Requirements

A correct analysis of the cases relied on by Plaintiffs confirms that Plaintiffs' formulaic recitation of "products and services that infringe the claims" amounts to no more than "labels and conclusions" insufficient to survive a motion to dismiss. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949–50 (2009); FED. R. CIV. P. 8. Plaintiffs rely on three decisions to support the sufficiency of their conclusory allegations: (1) *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354 (Fed. Cir. 2007); (2) *Teirsten v. AGA Med. Corp.*, No. 6:08-cv-14, 2009 WL 704138 (E.D. Tex. Mar. 16, 2009); and (3) *Phonometrics, Inc. v. Hospitality Franchise Sys. Inc.*, 203 F.3d 790, 793–94 (Fed. Cir. 2000). All three cases, however, confirm the insufficiency of Plaintiffs' allegations.

First, Plaintiffs cite *McZeal* in support of their assertion that "the complaint describes the means by which the defendants allegedly infringe." PLS.' RESP., at 4. The *McZeal* court, however, held that a pleading must include facts sufficient "to place the alleged infringer on notice as to what he must defend." *McZeal*, 501 F.3d at 1357 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 564 n.10 (2007)). In addition, the plaintiff in *McZeal* provided more than a mere conclusory and formulaic recitation:

> [Motorola i930] manufactured and distributed by the defendants, which claims to be an 'INTERNATIONAL WALKIE TALKIE MACHINE' and which purports to provide 'INTERNATIONAL WALKIE TALKIE®' service or global wireless Voice Over Internal Protocol (VoIP) communications infringes his patents.

*Id.* at 1357 (brackets in original). The *McZeal* plaintiff further alleged that the accused Motorola i930 performed "in essence the same utility" as the plaintiff's product. *Id.* Although the plaintiff conceded he did not know how "the purportedly infringing device works," he nevertheless clearly specified an allegedly infringing device—the "Motorola i930"—and "described the

means by which" the defendant was alleged to have infringed. *Id.* In finding that the plaintiff met the pleading standard, the court did not require the plaintiff "to specifically include each element of the claims of the asserted patent." *Id.*

Furthermore, in support of its holding, the *McZeal* court quotes the following element of a sample form pleading from the Federal Rules of Civil Procedure: "by making selling, and using [the device] embodying the patent." *Id.* at 1356–57 (brackets in original). Importantly, the court placed brackets around the word device to indicate that a *specific device* should be inserted (like the Motorola i930), rather than merely the word "device," which would amount to a mere "formulaic recitation" functionally equivalent to Plaintiffs' allegations—"products and services that infringe." *Iqbal*, 129 S.Ct. at 1949–50. The Supreme Court has rejected the sufficiency of such naked conclusions. *Id.*

Unlike the plaintiff in *McZeal*, Plaintiffs did not specify an allegedly infringing product or service. Plaintiffs wholly fail to describe "the means by which" Barclays allegedly infringes. *McZeal*, 501 F.3d at 1357. These allegations amount to a naked conclusion offering no guidance "as to what [Barclays] must defend." *Id.*

Second, Plaintiffs argue that *Teirsten* explicitly "rejected" the argument that a patent infringement plaintiff is required to specifically list the accused products. The argument that Plaintiffs' claim the *Teirsten* court "explicitly rejected," however, was not before the *Teirsten* court. 2009 WL 704138, at *4. Rather, the plaintiff was arguing that the following *counterclaim* was insufficiently pled: "[t]he claims of the '995 patent are invalid for failing to satisfy one of [sic] more of the statutory requirements for patentability set forth in 35 U.S.C. §§ 101, 102, 103, and/or 112." *Id.* In finding this counterclaim sufficiently pled, the Court reasoned that the defendant was not required to detail "every facet of the factual assertions regarding invalidating

prior art." *Id.* at *3. This holding parallels the holding in the *McZeal* case, namely, that "a plaintiff in a patent infringement suit is not required to delineate each claim limitation of the asserted patent and how the accused device infringes each limitation." *Id.* (citing *McZeal*, 501 F.3d at 1357).

The *Teirsten* court did note that "[t]he Federal Rules do not require Plaintiff … to specifically list the accused products," but this was dicta because the issue was not before the court. *Id.* at *5. In addition to being dicta, the *Teirsten* court did not (and could not) eviscerate the Supreme Court's requirement that a complaint "states a plausible claim for relief" with more than "mere conclusory statements." *Iqbal*, 129 S.Ct. at 1949–50. In fact, the *Teirsten* court was applying the Supreme Court's pleading requirements, noting that "the grounds for relief must be more than mere labels, conclusions, or a formulaic recitation of the elements of a cause of action." *Teirsten*, 2009 WL 704138, at *4 (citing *Twombly*, 127 S.Ct. at 1964–65).

Third, Plaintiffs incorrectly cite *Phonometrics* to support the proposition that "there is no requirement that Plaintiffs plead with specificity each element of a claim." PLS.' RESP., at 8. In *Phonometrics* the trial court had dismissed the complaint after a plaintiff failed to include "express allegations of infringement of each claim element in accordance with the court's interpretation of those elements" in two previous claim construction rulings. 203 F.3d at 793. Although Plaintiffs correctly note that the *Phonometrics* court held that a plaintiff need not specify "each element of a claim," the court was referring to *claim construction elements in the claim language of a patent*, not to the elements of a the plaintiff's claim (*i.e.*, the plaintiff's cause of action), as Plaintiffs' Response incorrectly implies. *Id.* at 794. Thus, *Phonometrics* does not support the assertion that "there is no requirement that Plaintiffs plead with specificity each element of a claim." Furthermore, even though *Phonometrics* was a Federal Circuit case decided

under 11th Circuit law and before the Supreme Court's *Iqbal* and *Twombly* decisions, it nevertheless affirms that a patent infringement plaintiff must describe "the means by which the defendants allegedly infringe," which Plaintiffs have failed to do. *Id.*

In short, Plaintiffs' recitation of "products and services that infringe" is a naked conclusion that provides no guidance regarding what Plaintiffs accuse of infringing or how Barclays should answer. Allowing the "formulaic recitation" of "products and services that infringe" to survive a motion to dismiss would eviscerate the Supreme Court's standards for Rule 8 pleading and would "unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Teirsten*, 2009 WL 704138, *4; *Iqbal*, 129 S.Ct. at 1950.

### B.   Whether Other Defendants Have Answered Is Not Dispositive

Plaintiffs argue that the complaint contains enough detail because other defendants have answered it. PLS.' RESP., at 4. Whether other defendants have answered, however, has little or no bearing on whether Plaintiffs have met their pleading requirements under the Supreme Court's explanation of the Rule 8 standard.

In the same way that a Plaintiff has the practical capability to file a complaint with a "formulaic recitation" of the elements of a cause of action, a defendant has the practical capability to file a "formulaic recitation" denying the allegations in any complaint on information and belief. But Rule 8 requires more than formulaic allegations sufficient to engender a formulaic answer. Rule 8 requires allegations sufficient "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. And specifically in the context of a patent infringement allegation, a plaintiff must specify "the means by which the defendants allegedly infringe." *Phonometrics, Inc. v. Hospitality Franchise Sys. Inc.*, 203 F.3d 790, 793–94 (Fed. Cir. 2000). In other words, the plaintiff must provide sufficient guidance so that the defendant can

offer an *appropriate* and *informed* answer to a claim of patent infringement, not just a formal recitation.

It should not be incumbent on a defendant to analyze its universe of products and services, which is prodigious in the case of Barclays, to determine which products and services a plaintiff might want to accuse. Whether other defendants had a smaller universe of products or services, decided to guess as to Plaintiffs' intentions, or merely filed a formulaic recitation, is of no legal moment. The controlling issue is that Plaintiffs have failed to meet the pleading requirements of Rule 8, as exposited by the Supreme Court and the Federal Circuit.

    **C.    Plaintiffs' Have Not Adequately Alleged Contributory Infringement and Inducement**

In response to Barclays' arguments that the Complaint failed to properly allege a claim for contributory infringement and inducement, Plaintiffs argue that "there is no requirement that Plaintiffs plead with specificity each element of a claim." PLS.' RESP., at 7–8. To support their argument, Plaintiffs provide an incorrect analysis of two cases, *PA Advisors, LLC v. Google, Inc.*, 2008 WL 4136426 (E.D. Tex. Aug. 7, 2008) and *Phonometrics*. These cases, however, do not support the propositions for which Plaintiffs cite them. As a result, Plaintiffs provide no basis for overlooking the deficiencies in Plaintiffs' claims for contributory infringement and inducement, namely, failing to allege that Barclays offered to sell or sold a component of a patented machine, and failing to allege direct infringement by a third party other than Barclays. BARCLAYS' MOT. DISMISS, at 5–6.

First, the *PA Advisors* court actually confirms the deficiencies in Plaintiffs' allegations, noting that "a complaint . . . must contain either direct or inferential allegations respecting *all the material elements* necessary to sustain a recovery under some viable legal theory." 2008 WL

4136426, at *5 (emphasis added) (quoting *Banks v. Nat'l Collegiate Athletic Ass'n*, 977 F.2d 1081, 1093 (7th Cir. 1992)); *see also Twombly*, 550 U.S. at 562 (quoting the same).  Indeed, the court in *PA Advisors* held that the plaintiff's complaint was insufficient because the plaintiff omitted naming a direct infringer other than the defendant—a material element for a claim of contributory infringement and inducement.  *Id.* at *7–8 ("Other courts have agreed in part that 'direct infringement [by a party other than defendant] also must be pleaded in the complaint in order to state a claim for inducement of infringement and contributory infringement.'").[1]  Like the *Phonometrics* decision, *PA Advisors* does not support the proposition that "there is no requirement that Plaintiffs plead with specificity each element of a claim."

Second, as previously discussed, in *Phonometerics* the court merely held that "[t]he Rule 12(b)(6) pleading requirements for a complaint of infringement cannot be extended to require a plaintiff to specifically include each element of the claims of the asserted patent." *Phonometrics*, 203 F.3d at 794.  Such a result would "require a patentee to amend its claims to include specific allegations about each limitation once a court construed the claims of the patent." *Id.*  Thus, *Phonometrics* was not deciding the proper pleading standards for claim of contributory infringement and inducement, and it certainly does not support the assertion that "there is no requirement that Plaintiffs plead with specificity each element of a claim.  Thus, Plaintiffs provide no case law bolstering the deficiencies in their claims for contributory infringement and inducement.

---

[1] The *PA Advisors* court granted the plaintiff leave to amend this portion of the complaint. *PA Advisors*, 2008 WL 4136426, at *8.

**BARCLAYS' MOTION FOR JUDGMENT ON THE PLEADINGS - PAGE 7**

### D. Plaintiffs Should Not Be Granted Leave To Amend Their Complaint Because Their Conclusory Allegations Evidence a Misuse of the Justice System

Plaintiffs concede that reasons such as "bad faith" and "dilatory motive" can provide a basis for the Court to deny leave to amend a complaint. PLS.' RESP., at 9; *see also, e.g., Foman v. Davis*, 371 U.S. 178, 182 (1962) (listing "bad faith" and "dilatory motive" as reasons to deny leave to amend). Plaintiffs' patent infringement claims evidence both bad faith and dilatory motive, in that they exploited the relative ease required to file a conclusory lawsuit in hopes of obtaining a settlement prior to undergoing the expense of a pre-suit investigation. Such a misuse of the justice system warrants dismissal without leave to amend.

As early as 2007, Plaintiffs started threatening and filing patent infringement cases against other entities alleging infringement of the patents-in-suit. Plaintiffs' complaints in these earlier cases included identical formulaic and conclusory allegations. For example, in a complaint filed in August 2007 against Chase Manhattan Mortgage Corporation et al., Plaintiffs alleged the following:

> Defendants Chase Manhattan, Citibank, ... and USAA Savings, have infringed, contributed to the infringement, and induced others to infringe the '434 patent … by manufacturing, importing, using, selling, or offering for sale *products and services that infringe the claims of the '434 patent* and by contributing to or inducing others to infringe the claims of the '434 patent ….

*Phoenix Licensing, L.L.C. v. Chase Manhattan Mortgage Corp. et al.*, 07-cv-387 (E.D. Tex.), COMPL., attached hereto as Ex. A, at ¶ 31 (emphasis added). The allegations in this 2007 complaint establish the same formulaic pattern Plaintiffs followed in their allegations against Barclays. The 2007 complaint, however, predated the Supreme Court's clarifying decision in *Iqbal* in 2009, as well as lower court cases that dismissed complaints that included similar language. *See, e.g., Fifth Market, Inc. v. CME Group, Inc.*, No. 1:08-cv-00520-GMS (D. Del.

May 14, 2009) (granting a motion to dismiss where the plaintiff did not allege an infringing product). Despite the clear legal authority that Plaintiffs' complaint did not meet Rule 8's pleading requirements, Plaintiffs nevertheless decided to include their formulaic recitation rather than sufficient factual allegations, hoping to obtain a quick settlement at little cost and effort, and assuming that even if their complaint was challenged, they could then conduct any necessary pre-suit investigation and re-plead to the extent, and if, then supported by their investigation. Plaintiffs persisted in this course despite Barclays' offer to allow Plaintiffs to re-plead prior to filing the instant motion to dismiss, knowing that Barclays would need to incur attorneys fees in bringing and arguing this motion, therefore furthering Plaintiffs' push for a quick settlement. Plaintiffs' strategy evidences a misuse of the legal system to obtain settlement at minimal cost and effort before undergoing the expense of a pre-suit investigation, which the Federal Rules requires. *See, e.g.*, *Judin v. United States*, 110 F.3d 780, 784 (Fed. Cir. 1997) (noting that a pre-suit infringement investigation "requires that the patent claims be interpreted and that the claims be found to read on the accused devices"). Granting Plaintiffs an opportunity to amend, especially after Plaintiffs refused the opportunity offered by Barclays, would encourage continued "bad faith" and "dilatory" exploitation of the justice system, and of limited judicial resources. As a result, Plaintiffs' request to amend should be denied.

## II. CONCLUSION

For the reasons set forth above and in its original Motion to Dismiss, Barclays respectfully requests that the Court dismiss Plaintiffs' claims of patent infringement against Barclays without leave to amend.

Dated:  November 30, 2009

Respectfully submitted,

By: */s/ Neil J. McNabnay*
    Thomas M. Melsheimer
    txm@fr.com
    Texas Bar No. 13922550
    Neil J. McNabnay
    njm@fr.com
    Texas Bar No. 24002583
    Tim K. Brown
    tkb@fr.com
    Texas Bar No. 24043575
    **FISH & RICHARDSON P.C.**
    1717 Main Street, Suite 5000
    Dallas, TX  75201
    (214) 747-5070 (Telephone)
    (214) 747-2091 (Facsimile)

Attorneys for Defendants
**BARCLAYS BANK PLC and**
**BARCLAYS BANK DELAWARE**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on November 30, 2009 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(a)(3).

*/s/ Chad B. Walker*