IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| Phoenix Licensing, L.L.C., an Arizona limited liability company, and LPL Licensing, L.L.C., a Delaware limited liability company;<br><br>Plaintiffs,<br><br>vs.<br><br>Allstate Corporation, a Delaware corporation; Allstate Insurance Company, an Illinois corporation; Allstate Life Insurance Company, an Illinois corporation; Allstate Fire and Casualty Insurance Company, an Illinois corporation; Allstate Property and Casualty Insurance Company, an Illinois corporation; Allstate Indemnity Company, an Illinois corporation; Prudential Financial, Inc., a New Jersey corporation; Prudential Insurance Company of America, a New Jersey corporation; Pruco Life Insurance Company, an Arizona corporation; Pruco Life Insurance Company of New Jersey, a New Jersey corporation; Barclays PLC, a United Kingdom public limited company; Barclays Bank PLC, a United Kingdom public limited company; Barclays Bank Delaware, f/k/a Juniper Financial Management, Inc., a Delaware corporation; New York Life Insurance Company, a New York corporation; New York Life Insurance and Annuity Corporation, a Delaware corporation; NYLIFE Insurance Company of Arizona, an Arizona corporation; PNC Financial Services Group, Inc., a Pennsylvania corporation; PNC Bank, National Association, a national banking association; PNC Bank, Delaware, a national banking subsidiary; National City Bank, a national banking subsidiary; Hartford Financial Services Group, Inc., a Delaware corporation; Hartford Life, Inc., a Delaware corporation; Hartford Fire Insurance Company, a Connecticut corporation; Hartford Fire General Agency, Inc., a Texas corporation; Twin City Fire Insurance Company, an Indiana corporation; Hartford Life Insurance | CASE NO. 2:09-cv-255<br><br>**Jury Trial Demanded** |

Company, a Connecticut corporation; Hartford Life and Accident Insurance Company, a Connecticut corporation; Hartford Life and Annuity Insurance Company, a Connecticut corporation; Royal Bank of Scotland Group, PLC, a United Kingdom public limited company; Citizens Financial Group, Inc., a Delaware corporation; RBS Citizens, N.A., a national association; Citizens Bank of Pennsylvania, a Pennsylvania corporation; KeyCorp, an Ohio corporation; KeyBank National Association, a national association; KeyCorp Insurance Agency USA, Inc., a Washington corporation; Key Investment Services LLC, an Ohio limited liability company; Bank of America Corporation, a Delaware corporation; Bank of America, N.A., a national banking association; and FIA Card Services, N.A., a national banking association.

Defendants.

## Plaintiffs' Sur-reply to Prudential's Motion to Dismiss the Complaint

**I. Plaintiffs' complaint meets the standard in Rule 8 and controlling case law.**

**A.** *Iqbal*.

Prudential asserts that Plaintiffs' Complaint fails to "pass muster under the two-part test of *Iqbal*." Prudential is wrong. *Iqbal* provides:

> "Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. … Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-1950 (U.S. 2009).

Plaintiffs' complaint meets this standard.

First, Plaintiffs' complaint contains facts that this Court must accept as true:

- It alleges that the Patent Office issued the '434 patent on November 16, 1999, and that it issued the '938 patent on February 14, 2006. Complaint ¶¶46, 52.
- It alleges that "Plaintiff Phoenix is the owner of all right, title, and interest in the ['434 and '938 patents], including all rights to pursue and collect damages for past infringements of the patent." Compl. ¶46 ('434 patent); ¶53 ('938 patent).
- It alleges that Defendants have used and continue to use the patented technology in the products and services that they make, use, import, sell, and offer to sell. Compl. ¶1.
- It also alleges that Defendants' use is without Plaintiffs' permission. Compl. ¶1.

Second, these facts support a plausible claim for relief. Assuming that (1) the patents issued, (2) that Plaintiffs own the right to pursue and collect damages for infringement, (3) that Defendants have used and continue to use the patented technology, and (4) that Defendants' use is without permission, as Plaintiff alleged in the complaint, Plaintiffs' claim for patent infringement is not only plausible, but proven. Thus, Defendants' argument must be rejected.

In addition, *Iqbal* expressly stated that evaluation of a complaint is "context-specific." *Iqbal*, 129 S. Ct. at 1950. Case law confirms that Plaintiffs' complaint is sufficient in the specific context of a claim for patent infringement.

The Federal Circuit held that for a patent infringement claim, a complaint that "includes only the following elements: 1) an allegation of jurisdiction; 2) a statement that the plaintiff owns the patent; 3) a statement that defendant has been infringing the patent 'by making, selling, and using [the device] embodying the patent'; 4) a statement that the plaintiff has given the defendant notice of its infringement; and 5) a demand for an injunction and damages," is sufficient. *See McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1356-57 (Fed. Cir. 2007) (citing Fed. R. Civ. P. Form 16, which sets forth a sample complaint for patent infringement). Plaintiffs' complaint is sufficient, because as explained in the opposition brief, it contains each of those factual allegations.

Further, the "context-specific" situation in *Iqbal* was very different from a patent infringement action. In *Iqbal*, respondent was arrested and detained in the wake of the

September 11 attacks. *Iqbal*, 129 S. Ct. at 1943. He pleaded guilty to the criminal charges, served a term of imprisonment, and was removed. *Id.* He then filed a *Bivens* action alleging that petitioners had designated him a person of high interest in contravention of the First and Fifth Amendments to the Constitution. *Id.* at 1944. To prove his claim, he was required to "plead and prove that the defendant acted with discriminatory purpose." *Id.* at 1948. However, "respondent's complaint [did] not contain any factual allegation sufficient to plausibly suggest petitioners' discriminatory state of mind." *Id.* at 1952. Based on these specific facts, the court concluded that the complaint had not "nudged [his] claims of invidious discrimination across the line from conceivable to plausible." *Id.* at 1951 (internal quotation marks omitted). That is not the case here; Plaintiffs' complaint meets all the requirements for a claim of patent infringement.

### B. Prudential's argument that more detail is necessary is contrary to case law and Rule 8.

Prudential's suggestion that Plaintiffs are required to list the accused products is contrary to this Court's case law. This Court has explicitly stated that "[t]he Federal Rules do not require Plaintiff … to specifically list the accused products." *Teirstein v. AGA Medical Corp.* 2009 WL 704138, *5 (E.D. Tex. March 16, 2009). A complaint is neither the time nor the place for listing such products. Instead, the Local Rules specifically identify the proper place for listing "each asserted claim, each accused apparatus, product, device, process, method, act, or other instrumentality" – the infringement contentions. *See* Patent Rule 3-1(b).

Prudential argues that Plaintffs' "reliance is misplaced" because *Teirstein* was evaluating the "adequacy of the defendants' invalidity claims, not the plaintiff's infringement claims." Reply at 5. However, Prudential offer no explanation why they believe that a claim for patent infringement should be held to a higher standard than for a counterclaim. If a defendant is not required to list invalidating prior art, there is no reason that a plaintiff should be required to explicitly list the accused products under Rule 8. *See Teirstein*, 2009 WL 704138, at *5 ("The Federal Rules do not require Plaintiff to assert facts as to why the accused products allegedly infringe, nor to specifically list the accused products. Thus, to require Defendant to state facts as

to why the '995 patent is invalid or to list invalidating prior art as Plaintiff suggests, would be to heighten the pleading standard for an invalidity counterclaim."). Prudential's view is particularly problematic in light of the fact that *Teirstein* expressly stated that the "Federal Rules do not require Plaintiff . . . to specifically list the accused products." *Id.*

Prudential also argues that Plaintiffs' complaint "fails to identify, at any level of detail, what Prudential activities Plaintiffs believe are infringing." As discussed more fully in Plaintiffs' opposition brief, this is wrong.

First, Rule 8 does not require a detailed description of Prudential's infringing activities. Instead, Plaintiffs need "only plead facts sufficient to place the alleged infringer on notice." *Phonometrics, Inc. v. Hospitality Franchise Sys.*, 203 F.3d 790, 794 (Fed. Cir. 2000). Second, Plaintiffs' complaint meets the test described by the Federal Circuit because it "alleges ownership of the asserted patent, names each individual defendant, cites the patent that is allegedly infringed, describes the means by which the defendants allegedly infringe, and points to the specific sections of the patent law invoked." *Phonometrics,*, 203 F.3d at 794; *see also McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1356 (Fed. Cir. 2007) (*citing Bell Atlantic Corp. v. Twombly*, 550 US 544 (2007). This is sufficient, since it "contains enough detail to allow the defendants to answer. Rule 12(b)(6) requires no more." *Id.*

Similarly, Prudential's argument that Plaintiffs' complaint does not sufficiently describe the means by which it infringes, is contrary to the facts. Reply at 3. The complaint asserts that Prudential infringes the patent because it "(a) have used, and continue to use, Plaintiff Phoenix's patented technology in products and services that they make, use, import, sell, and offer to sell, without Plaintiffs' permission; and (b) have contributed to or induced, and continue to contribute to or induce, others to infringe the Patents." Compl. ¶1; *see also McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1357 (Fed. Cir. 2007) (stating that "a statement that defendant has been infringing the patent 'by making, selling, and using [the device] embodying the patent'" is sufficient for this element).

Prudential's argument that "Plaintiffs make no attempt to identify 'what' is infringing, no doubt seeking to improperly unlock the doors to discovery to embark on a fishing expedition," reply at 1, also fails.

First, there is no requirement that Plaintiffs specify a specific infringing device in the complaint. In fact, as discussed above, this Court has explicitly stated that "[t]he Federal Rules do not require Plaintiff … to specifically list the accused products." *Teirsten*, 2009 WL 704138, at *5; reply at 4.

Second, there is no risk that Plaintiffs will embark on a "fishing expedition" prior to identifying the alleged infringing products, because this Court's patent rules require Plaintiffs' to identify the infringing products with the infringement contentions. Since this Court requires Plaintiffs to disclose its infringement contentions early in the discovery process, there is zero chance that Plaintiffs will be going on a fishing expedition without identifying the infringing products.

## II. If the complaint is deficient, leave to amend must be granted.

Finally, the case law is clear that in the event that Plaintiffs' complaint is found to be deficient, leave to amend must be granted.

Prudential asserts that it would "wholly proper to deny leave to amend" in the event that the complaint is found to be deficient. This is false: denying leave to amend would be contrary to the Federal Rules and controlling case law. *Lyn-Lea Travel Corp. v. Am. Airlines*, 283 F.3d 282, 286 (5th Cir. 2002) (emphasis added) ("The language of this rule evinces a bias in favor of granting leave to amend," and "a district court must have a <u>substantial reason</u> to deny a request for leave to amend." (internal quotation marks omitted)); *Hart v. Bayer Corp.*, 199 F.3d 239, 248 n. 6 (5th Cir. 2000) ("A court "should not" dismiss a claim "without granting leave to amend, unless the defect is simply incurable or the plaintiff has failed to plead with particularity after being afforded repeated opportunities to do so.").

This Court has stated that "absent any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – leave to amend should be freely given." *Drummond Am. Corp. v. Share Corp.*, 2009 U.S. Dist. LEXIS 101310, *3-4 (E.D. Tex. Oct. 30, 2009) (internal alterations, citations, and quotation marks omitted).

Prudential has identified zero undue delay, bad faith, dilatory motive on the part of Plaintiffs, and there is none. Plaintiffs have not previously amended the complaint, and Prudential cannot identify any prejudice from allowing amendment. Thus, Plaintiffs leave to amend should be granted in the event that Plaintiffs' complaint is found to be insufficient. *See Whiddon v. Chase Home Fin., LLC*, 2009 U.S. Dist. LEXIS 95862 (E.D. Tex. Oct. 14, 2009).

### III. Conclusion

For the foregoing reasons, Prudential's motion to dismiss must be denied. In the alternative, Plaintiffs should be granted leave to amend the complaint.

Date: December 9, 2009   Respectfully Submitted,

By:   /s/ Christin Cho
S. Calvin Capshaw, III
State Bar No. 03783900
Elizabeth L. DeRieux
State Bar No. 05770585
D. Jeffrey Rambin
State Bar No. 00791478
Capshaw DeRieux, LLP
1127 Judson Road, Suite 220
Longview, Texas 75601
(903) 236-9800 Telephone
(903) 236-8787 Facsimile
E-mail: ccapshaw@capshawlaw.com
E-mail: ederieux@capshawlaw.com
E-mail: jrambin@capshawlaw.com

> Gregory Scott Dovel
> CA State Bar No. 135387
> Sean A. Luner
> CA State Bar No. 165443
> Christin Cho
> CA State Bar No. 238173
> Dovel & Luner, LLP
> 201 Santa Monica Blvd., Suite 600
> Santa Monica, CA 90401
> Telephone: (310) 656-7066
> Facsimile: (310) 656-7069
> E-mail: greg@dovellaw.com
> E-mail: sean@dovellaw.com
> Email: christin@dovellaw.com
>
>
> ATTORNEYS FOR PLAINTIFFS
> PHOENIX LICENSING, L.L.C. and
> LPL LICENSING, L.L.C.

## **CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served this 9th day of December, 2009, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3). Any other counsel of record will be served by electronic mail, facsimile transmission and/or first class mail on this same date.


/s/ Christin Cho